No. 106,865

STATE OF KANSAS, *Appellee*, v. JAMES F. WILLIAMS, *Appellant*.

(326 P.3d 1070)

Opinion filed June 13, 2014.

*Adam D. Stolte*, of Kansas Appellate Defender Office, argued the cause, and *Ryan Eddinger*, of the same office, was on the brief for appellant.

*Boyd K. Isherwood*, chief appellate attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: James F. Williams appeals the sentence imposed after his *Alford* plea to one count of first-degree felony murder and two counts of arson. He alleges the district court erred in calculating his criminal history score by classifying a prior out-of-state conviction as a person crime instead of a nonperson crime. This

classification elevated his overall score, which in turn allowed his sentence to be increased in severity.

We reject his arguments and affirm.

## FACTS AND PROCEDURAL HISTORY

Williams was charged with one count of first-degree felony murder and two counts of arson arising from an incident involving domestic violence and a fire at a Wichita apartment. Williams asked the district court for a pretrial determination of his criminal history score because the parties could not agree whether it was B or C. The dispute centered on how his 1996 Ohio burglary conviction should be classified. If this conviction were classified as a nonperson crime, his criminal history score would be C; if classified as a person crime, his score would increase in severity to B.

In 1996, Williams had entered an Ohio bank occupied by other people. While there, he was observed removing a small knife and stapler from a desk in an office on the 23rd floor. He was arrested at the bank in possession of the items.

Before the Sedgwick County District Court ruled on his pretrial motion to determine his criminal history score, Williams entered an *Alford* plea—pleading guilty to the charges without admitting to the commission of the offenses. See *North Carolina v. Alford,* 400 U.S. 25, 37-38, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). His plea was accepted by the court.

At sentencing, the State argued the facts showed the Ohio crime of conviction was comparable to Kansas' aggravated burglary, a person crime. Williams responded the facts failed to show he had acted with the intent to commit theft—which for certain aggravated burglaries in Kansas can be a required element. According to Williams, the Ohio crime of conviction and the Kansas crime of aggravated burglary therefore were not comparable and his Ohio crime was not a person crime in Kansas.

The court rejected Williams' argument and ruled the two crimes were "substantially similar," making the Ohio conviction a person crime. Using this classification, the court computed Williams' criminal history score as B, not the lower C.

The court sentenced Williams to lifetime imprisonment without the possibility of parole for 20 years for the first-degree felony-murder conviction. It also ordered the sentences on the two arson convictions, 41 months and 19 months, to run consecutive to each other and consecutive to the felony-murder sentence, resulting in a controlling sentence of life plus 60 months.

We have jurisdiction of Williams' appeal under K.S.A. 2013 Supp. 22-3601(b)(3) (life sentence imposed) and K.S.A. 2013 Supp. 21-6820(e)(3) ("[T]he appellate court may review a claim that . . . the sentencing court erred . . . in determining the appropriate classification of a prior conviction . . . for criminal history purposes.").

More facts will be added as necessary to the analysis.

## ANALYSIS

Issue: *The district court correctly determined that Williams' prior out-of-state conviction is comparable to aggravated burglary, a person offense, under K.S.A. 21-3716 (Furse 1995).*

Williams contends the district court erred by classifying his Ohio crime of conviction as a person crime comparable to Kansas' aggravated burglary, which led it to erroneously calculate—and inflate—his criminal history score as B. Williams also argues the rule of lenity requires the factual ambiguity regarding his out-of-state conviction to be resolved in his favor. The State responds the Ohio crime of conviction is comparable to Kansas' aggravated burglary, and it was properly classified as a person crime. Accordingly, Williams' score was properly calculated as B.

### *Standard of review and principles of statutory interpretation*

Determining Williams' criminal history score requires us to interpret the relevant substantive criminal statutes and provisions of the Kansas Sentencing Guidelines Act (KSGA). Statutory interpretation presents a question of law subject to de novo review. *State v. Murdock*, 299 Kan. 312, 314, 323 P.3d 846 (2014) (de novo review of disputed criminal history score).

When interpreting statutes, we abide by the fundamental rule of statutory interpretation that " ' "[T]he intent of the legislature

governs if that intent can be ascertained." ' " *State v. Holt*, 298 Kan. 469, 474, 313 P.3d 826 (2013) (quoting *Zimmerman v. Board of Wabaunsee County Comm'rs*, 289 Kan. 926, Syl. ¶ 3, 218 P.3d 400 [2009]). " '[T]he best and only safe rule for ascertaining the intention of the makers of any written law, is to abide by the language they have used.' " *Gannon v. State*, 298 Kan. 1107, 1143, 319 P.3d 1196 (2014) (quoting *Wright v. Noell*, 16 Kan. 601, 607, 1876 WL 1081 [1876]).

Like all criminal statutes, the KSGA must be strictly construed in favor of the accused. See *State v. Gracey*, 288 Kan. 252, 257, 200 P.3d 1275 (2009). But the rule of strict construction is subordinate to the rule that the court's interpretation of the statutory language must be reasonable and sensible. 288 Kan. at 257-58 (citing *State v. Paul*, 285 Kan. 658, 662, 175 P.3d 840 [2008]).

*Discussion*

K.S.A. 21-4711(e) controlled the classification of prior out-of-state convictions when the district court calculated Williams' criminal history score. It provided in relevant part:

"Out-of-state convictions . . . will be used in classifying the offender's criminal history. An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. *The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson comparable offenses shall be referred to.* If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime." (Emphasis added.)

When designating a prior out-of-state crime of conviction as a person or nonperson offense in Kansas, "the offenses need only be comparable, not identical." *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003). There, we held the Kansas crime that was "the closest approximation" of the out-of-state crime was a comparable offense, and we explicitly ruled the crimes need not have identical elements to be comparable for making the person or nonperson designation. 276 Kan. at 179. We have also held "the comparable offenses in Kansas shall be determined as of the date the defendant

committed the out-of-state crimes." *State v. Williams*, 291 Kan. 554, Syl. ¶ 4, 244 P.3d 667 (2010).

Williams committed his Ohio crime in 1996 and was charged and convicted under Ohio Rev. Code Ann. § 2911.12(A)(1) (Matthew Bender 2010). It provided in relevant part:

"(A) No person, by force, stealth, or deception, shall do any of the following:

"(1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, *with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense*." (Emphasis added.)

The Kansas aggravated burglary statute in effect in 1996, K.S.A. 21-3716 (Furse 1995), provided:

"Aggravated burglary is knowingly and without authority entering into or remaining within any building, manufactured home, mobile home, tent or other structure . . . in which there is a human being, *with intent to commit a felony, theft or sexual battery therein*." (Emphasis added.)

We begin our analysis by recognizing Williams' appellate brief asserts that his counsel at the district court "argued that the evidence surrounding the prior conviction failed to demonstrate an 'intent to permanently deprive' to support the intent to commit a theft element." His brief adopts this same theme argued at the district court: "The complaint and facts before the reviewing court here were ambiguous and insufficient to elevate the offense from a nonperson burglary to a person felony aggravated burglary." More particularly, he argues: "Under the facts concerning the Ohio offense, there was insufficient evidence to establish the Kansas element of intent to permanently deprive."

But the evidence-based approach Williams promotes is not the approach used by Kansas courts. Our courts examine the out-of-state crime of conviction and attempt to find a comparable Kansas crime. See, *e.g.*, *State v. Williams*, 291 Kan. at 556-60; *State v. Vandervort*, 276 Kan. at 179. And K.S.A. 21-4711(e) plainly stated:

"*In designating a crime as person or nonperson comparable offenses shall be referred to.* If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime." (Emphasis added.)

In this legal review of criminal statutes, there is no review of the evidence surrounding the out-of-state conviction. Nor is there review of the identicalness of the elements of the crimes identified in the out-of-state and in-state statutes. Rather, the review is for crime comparability. See *Vandervort*, 276 Kan. at 179 ("Vandervort confuses the term 'comparable' with the concept of identical elements of the crime. For purposes of determining criminal history, the offenses need only be comparable, not identical."). Accordingly, we reject Williams' misplaced argument that the Ohio crime of conviction contains insufficient evidence to establish the Kansas element of intent to permanently deprive.

We additionally reject his sole remaining argument in his brief because it also suggests an evidentiary foundation. "The ambiguity in the Ohio complaint, and other facts surrounding the prior Ohio conviction, required the district court to apply the rule on lenity and classify the prior conviction as a nonperson felony." Moreover, while this rule requires a court to resolve ambiguities in a defendant's favor, it only applies when reasonable doubt exists about a statute's meaning and application. *State v. Coman*, 294 Kan. 84, 97, 273 P.3d 701 (2012). The language of K.S.A. 21-4711(e) is not ambiguous.

Even if we allowed Williams' evidence-based argument, we would be compelled to reject its flawed logic. Simply put, the presence of the element of intent to permanently deprive—to support the intent to commit a theft—does not distinguish the aggravated burglary determined by the district court from the simple burglary determination that Williams requests. And it does not distinguish a person crime from a nonperson crime as he contends.

For while there are differing severity levels for the various types of burglary under the 1995 version of K.S.A. 21-3715—subsections (a) (severity level 7 *person* felony), (b) (severity level 7 *nonperson* felony), and (c) (severity level 9 *nonperson* felony)—all these burglaries still required an "intent to commit a felony, *theft* or sexual battery." (Emphasis added.) So did the crime of aggravated burglary under the 1995 version of K.S.A. 21-3716 (severity level 5 *person* felony).

We conclude the district court correctly determined Williams' Ohio crime of conviction was comparable to aggravated burglary under K.S.A. 21-3716 (Furse 1995). Accordingly, it properly classified his Ohio conviction as a person crime, resulting in a criminal history score of B and supporting his controlling sentence of life plus 60 months.

The judgment of the district court is affirmed.