NOT DESIGNATED FOR PUBLICATION

No. 113,796

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDDIE BUOY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed April 15, 2016. Vacated and remanded with directions.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS, J., and WALKER, S.J.

*Per Curiam*:  Eddie Buoy appeals from the district court's decision denying his motion to correct illegal sentence. On appeal, Buoy contends that his sentence is illegal because the sentencing court improperly classified a prior 1985 Arizona conviction for criminal trespass as a person offense when calculating his criminal history score at his sentencing in a 1995 Kansas case in which he was found guilty of rape and aggravated criminal sodomy. Because we agree that the district court should have scored the 1985 Arizona conviction as a nonperson felony, we vacate Buoy's sentence and remand this case to the district court for resentencing.

1

On October 31, 1995, a Kansas jury found Buoy guilty of rape and aggravated criminal sodomy. The presentence investigation (PSI) report indicated that Buoy had a category B criminal history—based on two prior person felony convictions and one person misdemeanor conviction. The prior person felonies—a March 27, 1985, conviction for "Criminal Trespass (Dwelling)" and a May 6, 1985, conviction for "Burglary 2nd Degree (Dwelling)"—were committed in Arizona.

At Buoy's sentencing hearing held on November 16, 1995, the parties agreed to the criminal history classification of B and the district court sentenced Buoy to 288 months of imprisonment. On direct appeal, this court affirmed Buoy's conviction and sentence. See *State v. Buoy*, No. 75,802, unpublished opinion filed June 20, 1997 (Kan. App.). The Kansas Supreme Court subsequently denied Buoy's petition for review.

On September 1, 1998, Buoy filed a motion to correct illegal sentence arguing that his sentence was illegal. The district court summarily denied the motion. This court affirmed the district court's decision on appeal, and the Kansas Supreme Court denied Buoy's petition for review. See *State v. Buoy*, No. 83,145, unpublished opinion filed August 11, 2000 (Kan. App.).

Buoy filed a second motion to correct an illegal sentence on December 31, 2014, arguing that his criminal history score was incorrect. He maintained that the prior convictions used to calculate his criminal history score were improperly classified as person felonies. On March 3, 2015, the district court summarily denied Buoy's motion, and Buoy subsequently appealed.

After docketing his appeal, Buoy filed a motion to correct illegal sentence and an emergency motion to expedite his motion in this court. Both motions were denied on

2

September 2, 2015. Subsequently, the Kansas Supreme Court denied Buoy's petition for review on October 9, 2015. However, Buoy filed another motion to expedite his appeal on October 12, 2015, which was granted.

ANALYSIS

On appeal, Buoy contends that his sentence is illegal because under K.S.A 21-4711(e), the sentencing court improperly classified his 1985 Arizona criminal trespass conviction as a person offense when calculating his criminal history score at his sentencing in his Kansas rape and aggravated criminal sodomy case. Specifically, he argues that the closest approximation to Arizona's first-degree criminal trespass of a dwelling statute in Kansas is K.S.A. 21-3721(a) (Furse 1995), which is a nonperson offense. We agree.

Under K.S.A. 22-3504, an illegal sentence is:

"'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. [Citations omitted.]'" *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015).

Whether a sentence is illegal is a question of law over which this court has unlimited review. *Moncla*, 301 Kan. at 551. Moreover, appellate courts have unlimited review over a district court's summary denial of a motion to correct an illegal sentence under K.S.A. 22-3504, because the appellate court, like the district court, must determine whether the documents conclusively show that the defendant is or is not entitled to relief. 301 Kan. at 551.

3

Although the State initially asserts that Buoy's argument is barred by res judicata, the Kansas Supreme Court has found that "a legal challenge to the classification of a prior adjudication for purposes of lowering his criminal history score[ ]can be raised for [the] first time on appeal pursuant K.S.A. 22-3504(1)." *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015); see also *State v. Luarks*, 302 Kan. 972, 974-75, 360 P.3d 418 (2015). Moreover, in *State v. Martin*, 52 Kan. App. 2d ___, ___ P.3d ___ (No. 113,189, filed March 4, 2016), slip op. at 12-13, this court found that applying the doctrine of res judicata in cases such as this merely because they could have been brought in a direct appeal would undermine the clear legislative directive in K.S.A. 22-3504(1) that a motion to correct illegal sentence may be filed at any time.

"Whether a prior conviction or adjudication was properly classified as a person or nonperson crime for criminal history purposes raises a question of law subject to unlimited review." *Dickey*, 301 Kan. at 1034. Pursuant to K.S.A. 21-4711(e):

> "Out-of-state convictions and juvenile adjudications will be used in classifying the offender's criminal history. An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. *The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime*. . . . The facts required to classify out-of-state adult convictions and juvenile adjudications must be established by the state by a preponderance of the evidence." (Emphasis added.)

In determining whether an out-of-state conviction should be scored as a person or nonperson offense, this court looks at the comparable offense in Kansas at the time that the defendant committed the current crime of conviction. *State v. Keel*, 302 Kan. 560, 590, 357 P.3d 251 (2015). Accordingly, to properly classify Buoy's 1985 Arizona

4

criminal trespass conviction, we must determine the comparable Kansas statute in effect on July 19, 1995.

It is important to recognize that when determining the comparable Kansas offense to an out-of-state prior conviction, the offenses do not need to be identical. Rather, the Kansas crime that is "'the closest approximation' of the out-of-state crime [is] a comparable offense." *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014) (quoting *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 [2003], *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 1032, 350 P.3d 1054 [2015]). Thus, the essential question is whether the offenses are similar in nature and cover similar conduct. See *Vandervort*, 276 Kan. at 178-79; *State v. Martinez*, 50 Kan. App. 2d 1244, 1249, 338 P.3d 1236 (2014).

According to his PSI, Buoy was convicted in Arizona of "Criminal Trespass (Dwelling)" contrary to "13-1504" on March 27, 1985. At the time of his conviction, Ariz. Rev. Stat. Ann. § 13-1504 (1989) stated:

"**A.** A person commits criminal trespass in the first degree by knowingly:
"1. *Entering or remaining unlawfully* in or on a residential structure or in a fenced residential yard; or
"2. Entering any residential yard and, without lawful authority, looking into the residential structure thereon in reckless disregard of infringing on the inhabitant's right of privacy.
"3. Entering unlawfully on real property subject to a valid mineral claim or lease with the intent to hold, work, take or explore for minerals on such claim or lease.
"4. Entering or remaining unlawfully on the property of another and burning, defacing, mutilating or otherwise desecrating a religious symbol or other religious property of another without the express permission of the owner of the property.
"**B.** Criminal trespass in the first degree is a class 6 felony if it is committed by entering or remaining unlawfully in or on a residential structure or committed pursuant to

subsection A, paragraph 4. Criminal trespass in the first degree is a class 1 misdemeanor if it is committed by entering or remaining unlawfully in a fenced residential yard or committed pursuant to subsection A, paragraph 2 or 3." (Emphasis added.)

In 1995, the Kansas burglary statute stated:

"Burglary is knowingly and without authority *entering into or remaining within* any:
>"(a) Building, manufactured home, mobile home, tent or other structure which is *a dwelling, with intent to commit a felony, theft or sexual battery therein*;
>"(b) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexual battery therein; or
>"(c) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexual battery therein.

"Burglary as described in subsection (a) is a severity level 7, *person felony*. Burglary as described in subsection (b) is a severity level 7, *nonperson felony*. Burglary as described in subsection (c) is a severity level 9, *nonperson felony*." (Emphasis added.) K.S.A. 21-3715 (Furse 1995).

Furthermore, the 1995 Kansas trespass statute provided:

"(a) Criminal trespass is:
>"(1) *Entering or remaining upon or in any* land, nonnavigable body of water, *structure*, vehicle, aircraft or watercraft by a person who knows such person is not authorized or privileged to do so, and:
>>"(A) Such person enters or remains therein in defiance of an order not to enter or to leave such premises or property personally communicated to such person by the owner thereof or other authorized person; or
>>"(B) such premises or property are posted in a manner reasonably likely to come to the attention of intruders, or are locked or fenced or otherwise enclosed, or shut or secured against passage or entry; or
>>"(C) such person enters or remains therein in defiance of a restraining order issued pursuant to K.S.A. 60-1607, 60-3105, 60-3106 or 60-3107

6

or K.S.A. 38-1542, 38-1543 or 38-1563, and amendments thereto, and the restraining order has been personally served upon the person so restrained; . . .

. . . .

"(c) Criminal trespass is a class B *nonperson* misdemeanor." (Emphasis added.) K.S.A. 21-3721 (Furse 1995).

Based on the clear language of these statutes, we find that one who committed first-degree criminal trespass in 1985 in the state of Arizona could also have been found guilty under the Kansas trespass statute in effect in 1995. On the other hand, we find that the Kansas burglary statute in effect in 1995 also required that one enter or remain in a structure with the intent to commit a felony, theft, or sexual battery in order to have been found guilty. As such, we conclude that the Kansas offense in 1995 that was comparable to first-degree criminal trespass under the 1985 version of Ariz. Rev. Stat. Ann. § 13-1504 would have been trespass under K.S.A. 21-3721 (Furse 1995), which was a nonperson offense. Nevertheless, because Kansas courts must look to Arizona's classification to determine whether the offense should be scored as a felony or as a misdemeanor, we further conclude that Buoy's offense should still be counted as a felony for sentencing purposes.

We, therefore, vacate Buoy's sentence and remand this case to the district court for resentencing consistent with this opinion.

Vacated and remanded with directions.