NOT DESIGNATED FOR PUBLICATION

No. 114,516

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RONALD J. OHRT
*Appellant*.


MEMORANDUM OPINION

Appeal from Butler District Court; CHARLES M. HART, judge. Opinion filed July 15, 2016. Affirmed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Cheryl M. Pierce*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., GREEN and GARDNER, JJ.

*Per Curiam*:  Ronald J. Ohrt appeals his sentence following his conviction of one count of failure to register a change of employment as required by the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq*. Ohrt argues that the district court erred by classifying his two prior Delaware convictions for failure to register as a sex offender as person felonies for criminal history purposes. Ohrt also argues that the district court erred by calculating his sentence based in part on his criminal history without first requiring the State to prove his criminal history beyond a reasonable doubt to a jury. For the reasons stated herein, we affirm the district court's judgment.

The facts are straightforward. On March 20, 2015, pursuant to a plea agreement, Ohrt pled guilty to one count of failure to register a change of employment within 3 business days of change of employment status, as required by KORA. See K.S.A. 2015 Supp. 22-4905(g). The district court ordered a presentence investigation (PSI) report, which calculated Ohrt's criminal history score as B, based in part upon the classification as person felonies of two prior Delaware convictions for failure to register as a sex offender as required by the Delaware Sex Offender Registration Act (DSORA). At the sentencing hearing on June 25, 2015, Ohrt did not object to his criminal history score, and the district court imposed the standard presumptive sentence of 39 months' imprisonment, with 24 months' postrelease supervision. Ohrt timely appealed.

Ohrt first argues that the district court erred by classifying his Delaware convictions as person felonies for criminal history purposes. In support, Ohrt cites *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), arguing that *Descamps* requires the KORA and DSORA provisions to be identical to justify classifying the Delaware convictions as person offenses. In response, the State contends that *Descamps* is inapplicable and that the district court correctly determined that the Delaware convictions should be classified as person offenses. In the alternative, the State argues that if *Descamps* does apply, this court should remand for further proceedings to determine whether the Delaware convictions should be classified as person or nonperson offenses.

Ohrt acknowledges that he did not raise this argument in the district court. As he asserts, however, he may raise a legal challenge to the classification of a prior conviction for the purposes of lowering his criminal history score for the first time on appeal under K.S.A. 22-3504(1), which authorizes courts to correct an illegal sentence at any time. See *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015).

"Whether a defendant's constitutional rights as described under *Apprendi* were violated by a district court at sentencing raises a question of law subject to unlimited review. [Citation omitted.]" *Dickey*, 301 Kan. at 1036. In addition, "[w]hether a prior conviction or adjudication was properly classified as a person or nonperson crime for criminal history purposes raises a question of law subject to unlimited review. [Citations omitted.]" 301 Kan. at 1034. Finally, questions of statutory interpretation and whether a sentence is illegal are questions of law subject to unlimited review. *State v. Morrison*, 302 Kan. 804, 813, 359 P.3d 60 (2015); *Dickey*, 301 Kan. at 1034.

K.S.A. 2015 Supp. 21-6811(e) explains how a district court shall designate a prior out-of-state conviction as a person or nonperson offense for criminal history purposes:

"(1) Out-of-state convictions and juvenile adjudications shall be used in classifying the offender's criminal history.

. . . .

"(3) The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson *comparable* offenses shall be referred to. If the state of Kansas does not have a *comparable* offense, the out-of-state conviction shall be classified as a nonperson crime.

. . . .

"(5) The facts required to classify out-of-state adult convictions and juvenile adjudications shall be established by the state by a preponderance of the evidence." (Emphasis added.)

Under *State v. Keel*, 302 Kan. 560, 590, 357 P.3d 251 (2015) *cert. denied* 136 S. Ct. 865 (2016), "the classification of a prior conviction or juvenile adjudication as a person or nonperson offense for criminal history purposes . . . is determined based on the classification in effect for the *comparable* Kansas offense at the time the current crime of conviction was committed." (Emphasis added.) The prior convictions at issue here are violations of DSORA's registration requirements. Therefore, the first step is determining

3

whether Kansas has a *comparable* offense. According to the PSI, both of Ohrt's DSORA violation convictions—one in 2006 and one in 2009—were under Del. Code Ann. tit. 11, § 4120 (2006 and 2008).

Del. Code Ann. tit. 11, § 4120 addresses registration requirements for Delaware sex offenders. It requires sex offenders to register within a certain time after completion of a sentence imposed for a sex offense; to register no later than the time of sentencing if the sex offender is sentenced to home confinement, probation, or a fine; and to register as a sex offender in Delaware if a Delaware resident is convicted of an equivalent sex offense in another state or United States territory. See Del. Code Ann. tit. 11, § 4120(a)-(e). The statute also identifies subsequent events, such as changing one's name, residence address, or place of employment, that require reregistration and explains the requirements for periodic verification of a registered offender's address. See Del. Code Ann. tit. 11, § 4120(f)-(g). Finally, Del. Code Ann. tit. 11, § 4120(h)-(m) addresses petitions for release from registration, promulgation of regulations to implement the statute, civil immunity for certain public agencies involved, consequences for violating the statute, and privacy of information collected.

It is not clear from the PSI which subsection of the Delaware statute Ohrt violated. Even without this information, however, we may address Ohrt's argument on appeal. Ohrt contends that because the elements of KORA and DSORA are not identical, *Descamps* prevents factfinding he claims is necessary to determine that KORA is the most comparable statute. Ohrt's argument is based on two major premises: (1) determining whether there is a comparable Kansas statute in order to apply K.S.A. 2015 Supp. 21-6811(e) requires factfinding, and (2) *Descamps* controls that factfinding.

Ohrt begins by pointing out that in *Apprendi*, 530 U.S. at 490, the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a

4

jury, and proved beyond a reasonable doubt." The *Apprendi* Court recognized that its decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), created something of "an exceptional departure from the historic practice" on which the Court based its holding in *Apprendi*. *Apprendi*, 530 U.S. at 487. As the *Apprendi* Court noted, Almendarez-Torres "had *admitted* the three earlier convictions for aggravated felonies—all of which had been entered pursuant to proceedings with substantial procedural safeguards of their own—no question concerning the right to a jury trial or the standard of proof that would apply to a contested issue of fact was before the Court." 530 U.S. at 488. Ohrt contends that the *Almendarez-Torres* exception does not apply here and the district court did more than merely use the existence of the Delaware convictions to enhance his sentence.

Ohrt argues that because DSORA is broader than KORA in both its registration requirements and the underlying crimes that require an offender to comply with those registration requirements, DSORA "criminalizes conduct beyond that of any specifically identifiable Kansas person felony." He concludes:

> "Because not all of the acts criminalized by Del. Code Ann. [t]it. 11, § 4120 can
> be tied to a specific Kansas person felony with elements criminalizing the identical
> conduct, the district court necessarily engaged in additional factfinding outside the facts
> proven by the existence of the prior Delaware convictions, and the *Almendarez-Torres*
> exceptions do not apply. This additional fact-finding raised the maximum possible
> sentence. In this case, it raised the applicable sentencing grid box from 'F' to 'B.' Because
> those facts were never heard by a jury nor [*sic*] admitted via guilty pleas[] and Mr. Ohrt
> did not waive his right to have those facts heard by a jury, their use in his criminal history
> violated *Apprendi*."

Ohrt's argument is firmly grounded in his belief that determining whether there is a comparable Kansas offense under K.S.A. 2015 Supp. 21-6811(e) to determine whether prior out-of-state convictions should be classified as person or nonperson offenses

5

requires factfinding in instances where there is not a Kansas statute "identical" to the out-of-state statute. However, Ohrt's argument is contrary to well-established Kansas caselaw.

Our Supreme Court has repeatedly and "explicitly ruled the crimes need not have identical elements to be comparable for making the person or nonperson designation." *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014) (citing *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 [2003]), *overruled in part on other grounds by Dickey*, 301 Kan. 1018. For purposes of identifying a comparable Kansas crime in the context of K.S.A. 2015 Supp. 21-6811(e), the Kansas crime that is "'the closest approximation' of the out-of-state crime [is] a comparable offense." *Williams*, 299 Kan. at 873. Instead of requiring identical elements, "[t]he essential question is whether the offenses are similar in nature and cover similar conduct. [Citations omitted.]" *State v. Martinez*, 50 Kan. App. 2d 1244, 1249, 338 P.3d 1236 (2014). See also *State v. Barajas*, 43 Kan. App. 2d 639, 643, 230 P.3d 784 (2010).

Ohrt undertakes a lengthy, complicated analysis of whether the Delaware crime that required registration under DSORA was a crime that also would have required registration under KORA. It is not clear how this analysis is germane to the issue before this court—whether his DSORA violation convictions were properly classified as person felonies for criminal history purposes. The concern is with the classification of the *registration violations*, not whether the crime that prompted the DSORA registration requirement is comparable to a Kansas crime that would require registration in Kansas.

Ohrt does not argue that KORA and DSORA do not cover the same type of conduct. Clearly, they do: both are aimed at requiring sex offenders to register and identify themselves and verify that information periodically or upon certain events. For example, Del. Code Ann. tit. 11, § 4120(a)-(e) sets forth sex offender registration timelines, while Del. Code Ann. tit. 11, § 4120(f)-(g) identifies subsequent events that

6

require reregistration and explains the requirements for periodic verification of a registered offender's address. Similarly, K.S.A. 2013 Supp. 22-4905, part of KORA in effect at the time of Ohrt's current crime of conviction, sets forth an offender's duty to register, explaining initial and subsequent deadlines for incarcerated, released, and transient sex offenders. Like Del. Code Ann. tit. 11, § 4120(h), K.S.A. 2013 Supp. 22-4908 deals with relief from further registration, and Del. Code Ann. tit. 11, § 4120(k) and K.S.A. 2013 Supp. 22-4903 address consequences for violation of the respective acts. KORA and DSORA are similar enough in nature and the type of conduct they prohibit that they are comparable offenses for the purposes of K.S.A. 2015 Supp. 21-6811(e).

K.S.A. 2015 Supp. 21-6811(e) explicitly states that in designating a prior out-of-state conviction as a person or nonperson crime, courts should look to the *comparable* Kansas offense. Under K.S.A. 2013 Supp. 22-4903(c)(1), most violations of KORA are person felonies. The only exception is if the offender violated KORA by failing to remit required payments to the sheriff's office within 15 days of registration; that type of KORA violation is a class A misdemeanor. K.S.A. 2013 Supp. 22-4903(c)(3)(A). Del. Code Ann. tit. 11, § 4210 does not require payment by sex offenders upon registration, so Ohrt could not have been convicted of violating DSORA by failing to remit required payment to the sheriff's office within 15 days of registration as a sex offender. All other violations of KORA at the time Ohrt committed his current crime of conviction were classified as person offenses. Thus, under K.S.A. 2015 Supp. 21-6811(e), the district court correctly classified Ohrt's prior Delaware convictions of violating DSORA as person felonies.

Ohrt argues that *Descamps* applies here and precludes classifying his Delaware convictions as person offenses. Our Supreme Court examined and applied *Descamps* in *Dickey*, 301 Kan. at 1036-38:

"In *Descamps,* the United States Supreme Court held that a defendant's prior conviction for burglary under California law could not be counted as a predicate offense for burglary under [the Armed Career Criminal Act (ACCA)], which increases the sentences of defendants who have three prior convictions for violent felonies. Unlike the ACCA's 'generic burglary' definition, the California burglary statute at issue did not require a 'breaking and entering'; it provided that a 'person who enters' certain locations 'with intent to commit grand or petit larceny or any felony is guilty of burglary.' [Citation omitted.] Consequently, in order to determine whether the defendant's California burglary conviction qualified as a predicate offense under the ACCA, the sentencing court reviewed the underlying facts of the prior conviction to determine whether the facts showed that the defendant accomplished the burglary by breaking and entering. The *Descamps* Court held that this examination violated *Apprendi* because the sentencing court engaged in factfinding to determine whether the defendant's actions satisfied an element not contained within the California burglary statute. [Citation omitted.]

"To determine whether a prior conviction qualifies as a predicate offense under the ACCA without violating *Apprendi,* the *Descamps* Court held that a sentencing court must use one of two approaches—the categorical approach or the modified categorical approach. [Citation omitted.] A sentencing court applies the categorical approach when the statute forming the basis of the defendant's prior conviction contains a single set of elements constituting the crime. A sentencing court simply compares 'the elements of the statute forming the basis of the defendant's conviction with the elements of the "generic" crime.' [Citation omitted.] If the elements of the prior conviction are the same as, or narrower than, the elements of the corresponding crime under the ACCA, then the prior conviction may be counted as a predicate offense for sentence-enhancement purposes under the ACCA. [Citation omitted.]

"The modified categorical approach applies when the statute forming the basis of the prior conviction is a 'divisible statute,' *i.e.,* a statute which includes multiple, alternative versions of the crime[,] and at least one of the versions matches the elements of the generic offense. [Citation omitted.] Naturally, when a defendant's prior conviction arises under a divisible statute, a sentencing court cannot determine whether a defendant's prior conviction constitutes a predicate offense under the ACCA by merely examining the elements of the statute. Thus, without running afoul of *Apprendi,* a sentencing court is permitted to look beyond the elements of the statute and examine a limited class of documents to determine 'which of a statute's alternative elements formed the basis of the

8

defendant's prior conviction.'  [Citation omitted.] Such documents include charging documents, plea agreements, jury instructions, verdict forms, and transcripts from plea colloquies as well as findings of fact and conclusions of law from a bench trial. [Citation omitted.]"

In *Dickey*, our Supreme Court applied the principles from *Descamps* to determine whether a 1992 Kansas burglary adjudication should be classified as a person or nonperson offense for criminal history purposes. 301 Kan. at 1039. Under K.S.A. 2015 Supp. 21-6811(d), whether a prior burglary is classified as a person or nonperson offense hinges upon the determination of whether the prior burglary involved a dwelling. As our Supreme Court determined in *Dickey*, in order to classify the 1992 burglary adjudication as a person felony, the sentencing judge was required to find that the burglary involved a "dwelling." 301 Kan. at 1022. Because this is a finding of fact beyond the existence of a prior conviction, it implicated *Apprendi* and "the methods *Descamps* outlined for making this determination in a constitutionally valid manner necessarily apply to determining whether a prior burglary conviction should be classified as a person or nonperson felony under the [Kansas Sentencing Guidelines Act (KSGA)]." *Dickey*, 301 Kan. at 1039.

As the State points out, the instant case is distinguishable from *Dickey* and *Descamps* because determining whether Ohrt's prior convictions of violating DSORA should be classified as person or nonperson offenses does not require a factual determination. Instead of being classified under K.S.A. 2015 Supp. 21-6811(d), like burglaries, Ohrt's prior convictions are classified under K.S.A. 2015 Supp. 21-6811(e), which controls classification of out-of-state offenses. Under K.S.A. 2015 Supp. 21-6811(e), crimes need not have identical elements to be comparable for making the person or nonperson designation. We decline to read *Dickey* and its application of *Descamps* as broadly as Ohrt proposes. The KORA is the Kansas crime most comparable to DSORA and because violating the KORA was a person felony at the time Ohrt committed his

9

current crime of conviction, we conclude the district court properly classified Ohrt's prior Delaware convictions for violating DSORA as person offenses.

Next, Ohrt argues that the district court violated his constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution as recognized in *Apprendi* when it sentenced him based in part on his criminal history without requiring the State to allege the criminal history in the complaint and prove it beyond a reasonable doubt to a jury. Ohrt did not raise this argument in the district court, but the Kansas Supreme Court has held that no objection is necessary where the issue presents a question of law and this Court considers the application of *Apprendi*. See *State v. Anthony*, 273 Kan. 726, 727, 45 P.3d 852 (2002).

Ohrt concedes that the Kansas Supreme Court previously has rejected his argument; he merely raises it to preserve it for federal review. See *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). This court is duty bound to follow Kansas Supreme court precedent absent some indication that the court is departing from its earlier position. See *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). There is no such indication here. Thus, Ohrt's argument fails.

Affirmed.