NOT DESIGNATED FOR PUBLICATION

No. 115,270

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERIMIAH R. STEELE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; JANICE D. RUSSELL, judge. Opinion filed December 9, 2016.
Affirmed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, for appellee.

Before MALONE, C.J., GREEN, and LEBEN, JJ.

*Per Curiam*:  Jerimiah R. Steele appeals his sentence following his conviction of possession of methamphetamine. In determining Steele's sentence, the district court classified two Colorado convictions for third-degree assault as person misdemeanors for criminal history purposes. On appeal, Steele argues that this classification was erroneous because it required the district court to engage in impermissible factfinding. For the reasons stated herein, we reject Steele's argument and affirm his sentence.

The facts are straightforward. On October 1, 2015, the State charged Steele with one count of possession of methamphetamine and one count of possession of drug

1

paraphernalia. The crimes allegedly were committed on September 30, 2015. On October 8, 2015, Steele pled no contest to possession of methamphetamine in exchange for dismissal of the other charge. At the sentencing hearing on November 13, 2015, Steele agreed that his criminal history as reported in the presentence investigation (PSI) report was correct, and his criminal history score was "H." The PSI report included two convictions for third-degree assault from Colorado that were scored as person misdemeanors. The district court sentenced Steele to 13 months' imprisonment but granted him probation for 18 months. Steele timely appealed his sentence.

The only claim Steele raises on appeal is that the district court erred when it classified his Colorado third-degree assault convictions as person misdemeanors. Steele argues that the conduct prohibited by third-degree assault in Colorado is broader than the conduct prohibited by the Kansas comparable offense of battery. As a result, Steele claims that the only way the district court could find that his Colorado convictions were comparable to battery in Kansas was to look at facts beyond the existence of the convictions. According to Steele, this violates the rule that any fact which increases the penalty for a crime beyond the statutory maximum must be proven to a jury beyond a reasonable doubt, as set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348. 147 L. Ed. 2d 435 (2000), and *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013).

The State responds that this issue should not be considered for the first time on appeal because Steele's probation term is not affected by the classification of his Colorado third-degree assault convictions. According to the State, Steele should bring this argument only if his probation is later revoked by the district court. Alternatively, the State argues that *Apprendi* and *Descamps* have not been violated because Colorado's third-degree assault statute is comparable to battery or aggravated battery in Kansas. Because battery and aggravated battery are person offenses in Kansas, the State contends

2

that the district court properly classified Steele's Colorado third-degree assault convictions as person misdemeanors.

Whether a defendant's constitutional rights under *Apprendi* and *Descamps* have been violated at sentencing is a question of law subject to unlimited review. *State v. Dickey*, 301 Kan. 1018, 1036, 350 P.3d 1054 (2015). Also, whether a prior conviction was properly classified as person or nonperson to calculate a defendant's criminal history score is a question of law subject to unlimited review. 301 Kan. at 1034. Finally, statutory interpretation is also a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Although Steele failed to object to the classification of his Colorado convictions in the district court, he may present this argument for the first time on appeal. K.S.A. 22-3504(1) permits a defendant to challenge the classification of a prior conviction as a person or nonperson offense for the first time on appeal. See *Dickey*, 301 Kan. at 1034. Moreover, the State's contention that Steele can raise this issue only if his probation is revoked is without merit. Steele's claim that his criminal history score was improperly determined affects his sentence, and the issue is ripe for appeal. See *State v. Proctor*, 47 Kan. App. 2d 889, 896-99, 280 P.3d 839 (2012).

K.S.A. 2015 Supp. 21-6811(e) explains how a district court shall designate a prior out-of-state conviction as a person or nonperson offense for criminal history purposes:

> "(e)(1) Out-of-state convictions and juvenile adjudications shall be used in classifying the offender's criminal history.
> (2) An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction:
> . . . .
> (3) The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson, comparable offenses under the Kansas

3

criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state conviction shall be classified as a nonperson crime."

K.S.A. 2015 Supp. 21-6811(e)(1) provides that out-of-state convictions are included in determining a defendant's criminal history score. Pursuant to K.S.A. 2015 Supp. 21-6811(e)(2), an out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. Because Colorado classifies third-degree assault as a misdemeanor, there is no dispute that Steele's out-of-state convictions were properly classified as misdemeanors for criminal history purposes.

K.S.A. 2015 Supp. 21-6811(e)(3) provides that the state of Kansas shall classify the out-of-state crime as person or nonperson. In designating a crime as person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be considered. K.S.A. 2015 Supp. 21-6811(e)(3); *State v. Keel*, 302 Kan. 560, 590, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). If there is no comparable offense, the out-of-state conviction must be classified as a nonperson crime. K.S.A. 2015 Supp. 21-6811(e)(3).

The first step in this analysis is to identify the elements of the out-of-state convictions. Steele was first convicted of third-degree assault in Colorado in 2008. Colo. Rev. Stat. § 18-3-204 (2008) provides: "A person commits the crime of assault in the third degree if the person knowingly or recklessly causes bodily injury to another person or with criminal negligence the person causes bodily injury to another person by means of a deadly weapon." Steele's second conviction for third-degree assault occurred in 2012. Colo. Rev. Stat. § 18-204 (2012) provides:

4

"(1) A person commits the crime of assault in the third degree if:

"(a) The person knowingly or recklessly causes bodily injury to another person or with criminal negligence the person causes bodily injury to another person by means of a deadly weapon; or

"(b) The person, with intent to infect, injury, harm, harass, annoy, threaten, or alarm another person whom the actor knows reasonably should know to be a peace officer, a firefighter, an emergency medical care provider, or an emergency medical service provider, causes the other person to come into contact with blood, seminal fluid, urine, feces, saliva, mucus, vomit, or toxic, caustic, or hazardous material by any means, including throwing, tossing, or expelling the fluid or material."

The State argues that the comparable Kansas offenses are battery or aggravated battery. Steele's current crime of conviction was committed on September 30, 2015. K.S.A. 2015 Supp. 21-5413(a) defines "battery" as "(1) Knowingly or recklessly causing bodily harm to another person; or (2) knowingly causing physical contact with a person when done in a rude, insulting or angry manner." "Aggravated battery" includes "knowingly causing bodily harm to another person with a deadly weapon." K.S.A. 2015 Supp. 21-5413(b)(1)(B).

Steele argues that because Colorado's third-degree assault statutes and Kansas' battery statutes are not identical, the district court necessarily engaged in factfinding to determine whether the statutes were applicable. Specifically, Steele argues that "[w]hile the statutes appear similar, the conduct prohibited by the Colorado third degree assault statute is broader than that of Kansas misdemeanor battery." Steel argues that *Descamps* applies here and precludes classifying his Colorado convictions as person offenses. The Kansas Supreme Court examined and applied *Descamps* in *Dickey*, 301 Kan. at 1036-37:

"In *Descamps,* the United States Supreme Court held that a defendant's prior conviction for burglary under California law could not be counted as a predicate offense for burglary under [the Armed Career Criminal Act (ACCA)], which increases the sentences of defendants who have three prior convictions for violent felonies. Unlike the ACCA's

5

'generic burglary' definition, the California burglary statute at issue did not require a 'breaking and entering'; it provided that a 'person who enters' certain locations 'with intent to commit grand or petit larceny or any felony is guilty of burglary.' [Citation omitted.] Consequently, in order to determine whether the defendant's California burglary conviction qualified as a predicate offense under the ACCA, the sentencing court reviewed the underlying facts of the prior conviction to determine whether the facts showed that the defendant accomplished the burglary by breaking and entering. The *Descamps* Court held that this examination violated *Apprendi* because the sentencing court engaged in factfinding to determine whether the defendant's actions satisfied an element not contained within the California burglary statute. [Citation omitted.]"

However, our Supreme Court has repeatedly and explicitly ruled that "crimes need not have identical elements to be comparable for making the person or nonperson designation." *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014) (quoting *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 [2003]). For purposes of identifying a comparable Kansas crime in the context of K.S.A. 2015 Supp. 21-6811(e), the Kansas crime that is "'the closest approximation' of the out-of-state crime [is] a comparable offense." *Williams*, 299 Kan. at 873. Instead of requiring identical elements, "[t]he essential question is whether the offenses are similar in nature and cover similar conduct. [Citations omitted.]" *State v. Martinez*, 50 Kan. App. 2d 1244, 1249, 338 P.3d 1236 (2014). See also *State v. Barajas*, 43 Kan. App. 2d 639, 643, 230 P.3d 784 (2010).

Here, when the Colorado and Kansas statutes are compared, it is apparent that they are comparable. The 2008 Colorado third-degree assault statute prohibits knowingly or recklessly causing bodily injury to another. This is precisely how the Kansas statute defines battery. Steele claims the statutes are different because Colorado uses the term bodily injury while Kansas uses the term bodily harm. However, this subtle difference in language is of no effect. The statutes are similar in nature and cover similar conduct because they both prohibit knowingly or recklessly harming or injuring another person.

6

The 2012 Colorado third-degree assault statute is also comparable to Kansas' battery statute. Steele claims the 2012 statute is different because it includes a provision that prohibits causing a law enforcement officer, firefighter, or emergency medical provider to come into contact with bodily fluids or other hazardous materials. While Kansas does not have such an identical provision, this conduct is still prohibited under the battery statute which prohibits knowingly causing physical contact with another person done in a rude, insulting, or angry manner. K.S.A. 2015 Supp. 21-5413(a)(2).

This court previously has rejected arguments similar to Steele's argument on appeal. See *State v. Moore*, 52 Kan. App. 2d 799, 810-811, 377 P.3d 1162 (2016) (*Apprendi* is not implicated by statutory comparison because court only looks at statutory elements and not facts underlying conviction); *State v. Ohrt*, No. 114,516, 2016 WL 3856321, at *6 (Kan. App. 2016) (unpublished opinion) (determining whether out-of-state conviction is a person or nonperson offense does not require a factual determination and is distinguishable from *Dickey* and *Descamps*). The district court correctly determined that Steele's Colorado convictions were comparable to battery in Kansas without engaging in factfinding. Battery was scored as a person offense in Kansas at the time of Steele's current crime of conviction. See K.S.A. 2015 Supp. 21-5413(g)(1). Because battery was scored as a person offense in Kansas at the time of Steele's current crime of conviction, the district court properly classified Steele's Colorado convictions as person misdemeanors without running afoul of *Apprendi* or *Descamps*.

Affirmed.

7