NOT DESIGNATED FOR PUBLICATION

No. 117,219

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMIE ZINNEL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jewell District Court; KIM W. CUDNEY, judge. Opinion filed March 23, 2018. Vacated and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., SCHROEDER, J., and BURGESS, S.J.

PER CURIAM:  In 2016, Jamie Zinnel pled no contest to burglary. The presentene investigation (PSI) report that was prepared for sentencing showed that Zinnel was convicted in 2006 of four counts of third-degree burglary in Iowa. The district court classified those convictions as person felonies and calculated that Zinnel had a criminal-history score of A. On appeal, Zinnel argues the district court was constitutionally prohibited from classifying his Iowa convictions as person felonies and recommends that this court vacate his sentence and remand to the district court for resentencing. The State agrees that remand is appropriate.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2016 Zinnel pled no contest to one count of burglary under K.S.A. 2015 Supp. 21-5807(a)(2), (c)(1)(B), a severity level 7 nonperson felony. Zinnel's PSI reflected six 2006 convictions for third-degree burglary in Iowa—four of which were classified as person felonies for sentencing in Kansas. At sentencing the district court determined that Zinnel had a criminal-history score of A. Zinnel did not object to his score, and the district court proceeded to sentence Zinnel to 34 months in prison, followed by 12 months of postrelease supervision.

On appeal, Zinnel argues that the district court violated his constitutional rights when it classified his Iowa burglary convictions as person felonies instead of nonperson felonies. Zinnel requests this court vacate his sentence and remand for resentencing. The State also recommends remand.

THE DISTRICT COURT ERRED BY CLASSIFYING ZINNEL'S
IOWA BURGLARY CONVICTIONS AS PERSON FELONIES.

Zinnel argues that this court should vacate his 34-month sentence for burglary and remand for resentencing because the district court incorrectly calculated his criminal-history score. Zinnel claims that the district court wrongly classified four of his 2006 third-degree burglary convictions from Iowa as person felonies instead of nonperson felonies, which resulted in a violation of his constitutional rights.

Zinnel challenges the calculation of his criminal-history score for the first time on appeal. At sentencing, Zinnel stipulated to the accuracy of his criminal history. Although defendants are generally prohibited from raising issues for the first time on appeal, a defendant may challenge an illegal sentence at any time. K.S.A. 2017 Supp. 22-3504(1). Challenges to illegal sentences include challenges to a defendant's criminal-history score: A defendant's sentence hinges on the defendant's criminal history, so if the criminal-history

2

score is wrong then the sentence does not comply with Kansas' sentencing statutes and is illegal. *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015); *State v. Moore*, 52 Kan. App. 2d 799, 802-03, 377 P.3d 1162, *rev. granted* 305 Kan. 1256 (2016). Accordingly, Zinnel is not barred from challenging his criminal-history score for the first time on appeal.

Whether a defendant's criminal-history score was correctly calculated is a question of law since it requires the interpretation of Kansas' sentencing statutes. This court reviews questions of law independently, without any required deference to the district court's interpretation. *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016).

This court follows a two-step process when evaluating prior convictions for the purposes of calculating a defendant's criminal-history score. The first step is to determine whether the underlying crime for a prior conviction should be classified as a felony or a misdemeanor. K.S.A. 2015 Supp. 21-6811(e)(2). This is done by determining how the convicting state—in this case, Iowa—classifies the crime. K.S.A. 2015 Supp. 21-6811(e)(2). Here, both sides agree that Zinnel was convicted of felony third-degree burglary in Iowa.

Second, the district court determines whether the prior conviction is a person or a nonperson offense by comparing the prior-conviction statute to the most comparable Kansas statute that was in effect on the date the current crime was committed. K.S.A. 2015 Supp. 21-6811(e)(3). The prior conviction and Kansas statutes are comparable if both statutes address similar but not necessarily identical conduct. *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014). When comparing statutes for the purpose of sentencing, the district court only looks at the elements of each statute. See 299 Kan. at 875.

In Kansas, burglary is defined as:

"(a) . . . [E]ntering into or remaining within any:

(1) Dwelling, with intent to commit a felony, theft or sexually motivated crime therein;

(2) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexually motivated crime therein; or

(3) vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexually motivated crime therein." K.S.A. 2015 Supp. 21-5807(a)(1)-(3).

Burglary under subsection (a)(1) is a person felony, while burglary under subsection (a)(2) or (a)(3) is a nonperson felony. K.S.A. 2015 Supp. 21-5807(c)(1). In Kansas, the pivotal element for classifying burglary as a person or nonperson crime is whether the burglary involved a dwelling. A dwelling is defined as "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." K.S.A. 2015 Supp. 21-5111(k); *State v. Cordell*, 302 Kan. 531, 534, 354 P.3d 1202 (2015).

Iowa, on the other hand, defines burglary as the entry into an "occupied structure" without the "right, license or privilege to do so." Iowa Code §§ 713.1, 713.6A (2005). An "occupied structure" is:

"any building, structure, appurtenances to buildings and structures, land, water or air vehicle, or similar place adapted for overnight accommodation of persons, or occupied by persons for the purpose of carrying on business or other activity therein, or for the storage or safekeeping of anything of value." Iowa Code § 702.12 (2005).

Unlike Kansas, Iowa's burglary statute does not contain any element concerning the burglary of a dwelling. Iowa's definition of occupied structure, however, includes a

4

broad range of structures that include, but are not limited to, dwellings. *State v. Rooney*, 862 N.W.2d 367, 371-72 (Iowa 2015).

In *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the United States Supreme Court held that the government is required to prove *any fact* that increases the punishment for a crime—other than the existence of a prior conviction—beyond a reasonable doubt.

Then, in *Descamps v. United States*, 570 U.S. 254, 269, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), the Supreme Court held that the *Apprendi* rule applied when a defendant's sentence hinged on a factual finding that went beyond the existence of the conviction. The *Descamps* court also provided a framework for analyzing prior convictions for sentencing purposes. If a statute provides one way to commit a crime without including alternative elements, that statute is "'indivisible.'" 570 U.S. at 258. If a prior conviction is based on an indivisible statute, the sentencing court may only consider the statutory elements of that crime. 570 U.S. at 260-62. If, however, the statute provides alternative versions of a crime, making it "'divisible,'" then the sentencing court is allowed to look at a narrowly-defined class of documents to determine which alternative elements formed the basis of the prior conviction. 570 U.S. at 261-62.

The Kansas Supreme Court explained that the rules from *Descamps* and *Apprendi* are implicated in Kansas when a district court has to classify a prior conviction to calculate a defendant's criminal-history score. *Dickey*, 301 Kan. at 1036-40. Since Kansas classifies crimes as either person or nonperson, the classification of a crime frequently hinges on the specific facts surrounding the crime.

The *Dickey* court held that a district court incorrectly classified the defendant's prior burglary adjudication as a person felony because the prior-conviction statute did not

include an element that the burglary involved a dwelling. Our Supreme Court explained that

> "in order to classify a prior burglary . . . adjudication as a person offense under K.S.A. 2014 Supp. 21-6811(d), a sentencing court must find that the prior burglary involved a 'dwelling,' [which is defined by statute as] 'a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home, or residence.' . . . But the burglary statute in effect when Dickey committed his prior burglary did not require evidence showing that the structure burglarized was a dwelling. See K.S.A. 1991 Supp. 21-3715." 301 Kan. at 1021 (quoting K.S.A. 2014 Supp. 21-5111[k]).

Since the statute for Dickey's prior adjudication did not include a dwelling element, our Supreme Court held that classifying Dickey's prior adjudication as a person crime would "necessarily involve judicial factfinding that goes beyond merely finding the existence of a prior conviction or the statutory elements constituting that prior conviction." 301 Kan. at 1021.

The issue that Zinnel raises is virtually identical to the problem the court addressed in *Dickey*. Like *Dickey*, the statutory basis for Zinnel's Iowa burglary convictions did not include a specific "dwelling" element. The only way the district court could have classified Zinnel's Iowa convictions as person crimes was if it looked beyond the convictions themselves to determine that those burglaries involved dwellings. Under *Descamps* and *Dickey*, the only time a sentencing court can do this is if the statute of the prior conviction is divisible.

The State agrees with Zinnel that this case should be remanded. But unlike Zinnel, the State argues that it should be remanded so the district court can look beyond the elements of Iowa's burglary statute to determine whether Zinnel's Iowa burglaries involved dwellings, as permitted by *Descamps* and *Dickey*.

6

The Iowa Supreme Court has determined that each of the terms included in the definition of "occupied structure" is an "alternative method of committing [the] single crime" of burglary—not an alternative element of the crime. *State v. Duncan*, 312 N.W.2d 519, 523 (Iowa 1981); see *Rooney*, 862 N.W.2d at 376. Just because a statute includes alternative methods or means of committing a crime does not mean that statute is divisible. See *State v. Bro*wn, 295 Kan. 181, 194, 284 P.3d 977 (2012); *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 2256, 195 L. Ed. 2d 604 (2016); *Duncan*, 312 N.W.2d at 523.

When another court analyzes Iowa law, the Iowa Supreme Court's interpretation of that law is controlling. See *Johnson v. United States*, 559 U.S. 133, 138, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010) (explaining that the Court was bound by the Florida Supreme Court's interpretation of Florida statute); *Almanza-Arenas v. Lynch*, 815 F.3d 469, 479-80 (9th Cir. 2015). Since Iowa's high court already ruled that the Iowa burglary statute only has one set of elements, the State incorrectly argues that Iowa's burglary statute is divisible.

The statute under which Zinnel was convicted of burglary in Iowa was not divisible, and the district court was not permitted to look beyond the statutory elements of burglary to determine whether Zinnel's Iowa burglaries involved dwellings. Accordingly, the district was required to classify Zinnel's Iowa burglary convictions as nonperson felonies. This matter is remanded for sentencing with the Iowa convictions scored as nonperson felonies.

Vacated and remanded with directions.