IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 108,431

STATE OF KANSAS,
*Appellee*,

v.

SCOTT PAUL CORDELL,
*Appellant*.

SYLLABUS BY THE COURT

1.

Whether a prior juvenile adjudication was properly classified as a person or nonperson crime for criminal history purposes raises a question of law subject to unlimited review.

2.

Under the facts of this case, the district court was constitutionally prohibited from classifying the defendant's prior burglary adjudication as a person felony under K.S.A. 2014 Supp. 21-6811(d) because doing so necessarily resulted from the district court making or adopting a factual finding (*i.e.*, the prior burglary involved a dwelling) that went beyond simply identifying the statutory elements that constituted the prior burglary adjudication. Because burglary of a "dwelling" (as that term is defined in K.S.A. 2014 Supp. 21-5111[k]) was not included within the statutory elements making up the defendant's burglary adjudication under K.S.A. 21-3715 (Ensley 1981), the burglary adjudication should have been classified as a nonperson felony for criminal history purposes.

1

Review of the judgment of the Court of Appeals in an unpublished opinion filed October 25, 2013. Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed August 14, 2015. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed and remanded with directions.

*Christina M. Kerls*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Charles Ault-Duell*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: Scott Paul Cordell challenges his 19-month prison sentence. The district court based the sentence in part upon Cordell's criminal history score of A, which it calculated by classifying two of his 1986 Kansas juvenile burglary adjudications as person felonies. Cordell contends the court's person felony classifications are unconstitutional because they required judicial factfinding that went beyond merely finding the existence of a prior adjudication or the statutory elements of the prior adjudication.

We agree, based upon *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). The court's classifications depended upon the implicit finding that Cordell burglarized a dwelling, which was not a statutory element of burglary in 1986. Accordingly, we vacate his sentence and remand to the district court for resentencing.

FACTS AND PROCEDURAL HISTORY

The State charged Cordell with one count of aggravated escape from custody in 2012. During plea negotiations, the district court granted his motion for a presentence

2

investigation report (PSI) determining his criminal history. But Cordell pled guilty before the PSI could be prepared.

Before Cordell's sentencing, the PSI was completed. Court services initially calculated his criminal history score as C but later amended it to A. The increased criminal history score reflected six juvenile adjudications from 1986 that were not included in the initial criminal history worksheet. The journal entry from the 1986 adjudications disclosed that Cordell stipulated to three counts of burglary and three counts of theft.

Cordell objected to his amended score. He focused on the two 1986 adjudications for "residential burglary" classified as juvenile person felonies which, when combined with another person felony, elevated his criminal history score to A. See K.S.A. 2014 Supp. 21-6809 (offender falls into criminal history category A when offender's criminal history includes three or more adult convictions or juvenile adjudications for person felonies, in any combination). His increased criminal history score also increased his presumptive sentencing range from 17 to19 months' probation to 19 to 23 months' imprisonment.

To buttress Cordell's objection, he argued the district court should not consider the residential burglary adjudications as person felonies because the 1986 journal entry did not specify whether he had entered a "dwelling"—a distinction that controls whether a burglary conviction qualifies as a person conviction under current law. See K.S.A. 2014 Supp. 21-5807. The State countered that the adjudications were person felonies because the charging document specified the charges arose from the burglary of residences, which the State equated with dwellings. As support, the State produced the 1986 charging document, which alleged Cordell had entered "the residence of Dora O'Brien" and "the residence of Katherine Lamb."

The court approved the designation of the residential burglary adjudications as person felonies and, in turn, approved the calculation of Cordell's criminal history as A. Based on these rulings, the court sentenced Cordell to 19 months' imprisonment.

After a panel of the Court of Appeals affirmed the district court, *State v. Cordell*, No. 108,431, 2013 WL 5870043 (Kan. App. 2013) (unpublished opinion), we granted Cordell's petition for review under K.S.A. 20-3018(b), obtaining jurisdiction under K.S.A. 60-2101(b).

ANALYSIS

Issue: *The district court erred by classifying Cordell's 1986 burglary adjudications as person felonies.*

Cordell urges this court to vacate his sentence and remand for resentencing because the district court incorrectly calculated his criminal history score—and imposed the resulting sentence—after wrongly classifying his 1986 burglary adjudications as person felonies. He argues the district court's approach to these prior burglary adjudications violated his constitutional rights under *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The State responds the court properly treated the adjudications as person felonies because Cordell stipulated that those charges arose from burglaries of residences.

*Standard of review*

Whether the district court properly classified Cordell's prior burglary adjudications as person crimes for criminal history purposes raises a question of law subject to

4

unlimited review. *Dickey*, 301 Kan. at 1034 (citing *State v. Murdock*, 299 Kan. 312, 314, 323 P.3d 846 [2014]).

*Discussion*

K.S.A. 2014 Supp. 21-6811(d), as amended by House Bill No. 2053 on April 2, 2015, governs the treatment of prior juvenile adjudications for burglary when calculating a defendant's criminal history. It provides:

"Prior burglary . . . juvenile adjudications will be scored for criminal history purposes as follows:

(1) As a prior person felony if the prior . . . adjudication was classified as a burglary as defined in K.S.A. 21-3715(a), prior to its repeal, or K.S.A. 2014 Supp. 21-5807(a)(1), and amendments thereto.

(2) As a prior nonperson felony if the prior conviction or adjudication was classified as a burglary as defined in K.S.A. 21-3715(b) or (c), prior to its repeal, or K.S.A. 2014 Supp. 21-5807(a)(2) or (a)(3), and amendments thereto.

"The facts required to classify prior burglary adult convictions and juvenile adjudications shall be established by the state by a preponderance of the evidence." L. 2015, ch. 5, sec. 2.

The district court concluded the State proved by a preponderance of the evidence that Cordell's 1986 burglary adjudications were person crimes. But the distinction between person and nonperson burglaries under K.S.A. 2014 Supp. 21-6811(d) hinges on whether the offender burglarized a dwelling, which was not an element of burglary in

5

1986. So Cordell argues the court's person crime classification required an unconstitutional judicial finding that the 1986 burglaries indeed involved a dwelling.

Cordell's argument is controlled by our decision in *Dickey*—where the defendant raised a virtually indistinguishable argument. There, we held "in order to classify a prior burglary . . . adjudication as a person offense under K.S.A. 2014 Supp. 21-6811(d), a sentencing court must find that the prior burglary involved a 'dwelling,'" which is defined by statute as "'a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home, or residence.'" 301 Kan. at 1021 (quoting K.S.A. 2014 Supp. 21-5111[k]). Because the burglary statute under which Dickey was convicted did not include an element that the structure burglarized be a dwelling, we held the district court's person classification was constitutionally prohibited under *Descamps* and *Apprendi*. 301 Kan. at 1039 (citing *Descamps*, 133 S. Ct. at 2288-89).

We reach the same conclusion here. The statute under which Cordell stipulated to burglary in 1986, K.S.A. 21-3715 (Ensley 1981), defined burglary as:

> "knowingly and without authority entering into or remaining within any building, mobile home, tent or other structure, or any motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony or theft therein.
>
> "Burglary is a class D felony."

Like the statute in *Dickey*, the burglary statute here does not include a dwelling element. So the district court's classification of a person crime necessarily required a judicial finding of fact, *i.e.*, that the statutorily-required "structures" that Cordell burglarized were dwellings. See *Dickey*, 301 Kan. at 1022-23. Because that finding goes

6

beyond simply identifying the statutory elements of the prior burglary adjudication, it is prohibited by *Descamps* and *Apprendi*, as we applied those decisions to K.S.A. 2014 Supp. 21-6811(d) in *Dickey*.

Absent the district court's prohibited finding, Cordell's 1986 burglary adjudications should have been classified as nonperson crimes. That classification would have resulted in a lower criminal history score and a lower presumptive sentence under the Kansas Sentencing Guidelines. See *State v. Ballard*, 289 Kan. 1000, 1005, 218 P.3d 432 (2009) ("'presumptive sentence'" is "'the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the current crime of conviction and the offender's criminal history'") (quoting K.S.A. 21-4703[q] [repealed and recodified at K.S.A. 21-6803(q)]). As a result, we vacate Cordell's sentence and remand for resentencing.

Judgment of the Court of Appeals affirming the judgment of the district court is reversed. Judgment of the district court is reversed and remanded with directions.