NOT DESIGNATED FOR PUBLICATION

No. 115,366

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEFFREY ALAN SODDERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed February 3, 2017. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., POWELL, J., and HEBERT, S.J.

POWELL, J.: Jeffrey Alan Sodders appeals from his sentence for possession of methamphetamine, arguing that the district court erred in classifying his 2008 Missouri second-degree burglary conviction as a person offense. Sodders claims that by doing so, the district court violated his constitutional rights as articulated in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). We disagree and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In September 2015, pursuant to a plea agreement, Sodders pled guilty to possession of methamphetamine, a severity level 5 nonperson drug felony. According to the presentence investigation report (PSI), Sodders' criminal history included a 2008 person felony conviction for second-degree burglary in Missouri as the result of a guilty plea. The petition to enter plea of guilty signed by Sodders and filed with the Missouri court stated: "On November 6, 2007, in Cass County, I knowingly entered unlawfully into a house owned by Wendy Hale [and] appropriated goods in excess of $500 in value without the consent of the owner, Wendy Hale."

Sodders objected to the classification of his Missouri burglary as a person felony, arguing there was no comparable Kansas offense because the Missouri burglary conviction did not have a dwelling requirement whereas the Kansas statute did. After reviewing Sodders' petition to plead guilty in the Missouri burglary case, the district court overruled this objection, set Sodders' criminal history score at C, and sentenced him to an underlying sentence of 30 months' imprisonment but placed him on probation for 12 months.

Sodders timely appeals.

DID THE DISTRICT COURT ERR IN CLASSIFYING SODDERS' PRIOR
MISSOURI CONVICTION AS A PERSON OFFENSE?

Sodders' sole contention on appeal is that the district court erred in classifying his 2008 Missouri burglary conviction as a person offense. Specifically, Sodders argues that the district court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution as articulated by *Apprendi* and *Descamps* by making a factual determination that his Missouri burglary was committed in a dwelling.

2

The question presented on appeal involves an interpretation of three statutes: (1) K.S.A. 2015 Supp. 21-6811, part of the revised Kansas Sentencing Guidelines Act (KSGA); (2) K.S.A. 2014 Supp. 21-5807(a), the Kansas burglary statute; and (3) Mo. Rev. Stat. § 569.170 (1979), the Missouri second-degree burglary statute under which Sodders was convicted. "Whether a prior conviction should be classified as a person or nonperson offense involves the interpretation of the KSGA. Interpretation of a statute is a question of law over which appellate courts have unlimited review." *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016) .

The KSGA provides that criminal sentences are based on two controlling factors: the criminal history of the defendant and the severity level of the crime committed, with person crimes having a greater impact. See K.S.A. 2015 Supp. 21-6804(c); *State v. Vandervort*, 276 Kan. 164, 178, 72 P.3d 925 (2003), *overruled in part on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). A defendant's criminal history score is calculated by tabulating the offender's prior convictions to generate a criminal history score, with A being the highest and I being the lowest. See K.S.A. 2015 Supp. 21-6803(d); K.S.A. 2015 Supp. 21-6804(a). Prior convictions or adjudications are classified as either misdemeanors or felonies, person or nonperson, with some exceptions. See K.S.A. 2015 Supp. 21-6810; K.S.A. 2015 Supp. 21-6811. The more extensive the defendant's criminal history and/or the greater the severity level of the crime, the lengthier the guideline sentence. See K.S.A. 2015 Supp. 21-6804(a).

We look to K.S.A. 2015 Supp. 21-6811 to determine if a burglary conviction was properly classified. K.S.A. 2015 Supp. 21-6811(e) governs the classification of prior out-of-state convictions even though it does not specifically address prior burglary convictions and adjudications. *State v. Buell*, 52 Kan. App. 2d 818, 823-24, 377 P.3d 1174, *rev. granted* 305 Kan. ___ (December 13, 2016); see also *State v. O'Connor*, 299 Kan. 819, 822, 326 P.3d 1064 (2014) (using K.S.A. 21-4711[e], the prior codification of K.S.A. 2015 Supp. 21-6811[e], to classify a prior out-of-state burglary adjudication);

*State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014) (same). K.S.A. 2015 Supp. 21-6811(d), which governs the classification of prior burglary convictions yet does not address prior out-of-state convictions, tells us that "the distinction between person and nonperson burglaries under K.S.A. 2014 Supp. 21-6811(d) hinges on whether the offender burglarized a dwelling." *State v. Cordell*, 302 Kan. 531, 534, 354 P.3d 1202 (2015).

The relevant portion of K.S.A. 2015 Supp. 21-6811(e) provides:

"(1) Out-of-state convictions and juvenile adjudications shall be used in classifying the offender's criminal history.

"(2) An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction:

(A) If a crime is a felony in another state, it will be counted as a felony in Kansas.

. . . .

"(3) The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state conviction shall be classified as a nonperson crime.

. . . .

"(5) The facts required to classify out-of-state adult convictions and juvenile adjudications shall be established by the state by a preponderance of the evidence."

1.     *Sodders' Missouri conviction is a felony.*

Because Sodders' prior Missouri conviction must be used to calculate his criminal history score, see K.S.A. 2015 Supp. 21-6811(e)(1), we first examine how Missouri classified his burglary conviction to determine whether that conviction was properly

4

classified as a misdemeanor or a felony. Both Sodders and the State agree that the district court correctly classified his prior Missouri burglary conviction as a felony as that is how the crime was classified by Missouri. See K.S.A. 2015 Supp. 21-6811(e)(2); Mo. Rev. Stat. § 569.170 (1979).

2.      *Sodders' Missouri conviction is a person crime.*

We must next decide whether Sodders' Missouri conviction should be classified as a person or nonperson crime by referring to the comparable Kansas offenses in effect at the time the current crime of conviction was committed. See K.S.A. 2015 Supp. 21-6811(e)(3). "The essential question is whether the offenses are similar in nature and cover similar conduct." *State v. Martinez*, 50 Kan. App. 2d 1244, 1249, 338 P.3d 1236 (2014). We look for the Kansas offense that is the "closest approximation" or most "comparable," but the elements of each out-of-state crime do not need to be identical to the elements of a Kansas crime for them to be comparable. *Vandervort*, 276 Kan. at 179. Offenses may be comparable "even when the out-of-state statute encompassed some acts not necessarily encompassed by the Kansas statute." *State v. Riolo*, 50 Kan. App. 2d 351, 356-57, 330 P.3d 1120 (2014), *rev. denied* 302 Kan. 1019 (2015).

Sodders was convicted under Mo. Rev. Stat. § 569.170 (1979), which states: "A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or *inhabitable structure* for the purpose of committing a crime therein." (Emphasis added.)

Mo. Rev. Stat. § 569.010(2) (1979) defines "inhabitable structure" as:

"a ship, trailer, sleeping car, airplane, or other vehicle or structure:
        "(a) Where any person lives or carries on business or other calling; or

5

"(b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation; or

"(c) Which is used for overnight accommodation of persons. Any such vehicle or structure is 'inhabitable' regardless of whether a person is actually present."

K.S.A. 2014 Supp. 21-5807(a), the burglary statute in effect at the time Sodders committed his current crime of conviction, states:

"(a) Burglary is, without authority, entering into or remaining within any:

(1) Dwelling, with intent to commit a felony, theft or sexually motivated crime therein;

(2) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexually motivated crime therein; or

(3) vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexually motivated crime therein.

. . . .

"(c)(1) Burglary as defined in:

(A) Subsection (a)(1) is a severity level 7, person felony, except as provided in subsection (c)(2);

(B) subsection (a)(2) is a severity level 7, nonperson felony, except as provided in subsection (c)(2);

(C) subsection (a)(3) is a severity level 9, nonperson felony, except as provided in subsection (c)(2)."

K.S.A. 2014 Supp. 21-5111(k) defines a dwelling as "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence."

The Kansas burglary statute and the Missouri second-degree burglary statute are broadly comparable. However, because categorizing Sodders' Missouri burglary as a

6

person felony enhances his criminal history score—and therefore his sentence—and because the difference between person and nonperson felony burglary is whether the defendant burglarized a dwelling, we must determine whether Sodders committed his Missouri burglary in a dwelling. See K.S.A. 2014 Supp. 21-5807(a); *Cordell*, 302 Kan. at 534.

Sodders argues that under *Apprendi* and *Descamps* the district court erred in going beyond the fact of the existence of his Missouri conviction and made a factual finding that his Missouri burglary conviction had been committed in a dwelling without requiring the State to prove such a fact beyond a reasonable doubt.

> "Under *Apprendi*, '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' 530 U.S. at 490. The policy rationale behind *Apprendi* is that a court violates the United States Constitution if it invades the jury's territory by finding facts at sentencing. See *Shepard v. United States*, 544 U.S. 13, 25, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005) (plurality opinion) ('[T]he Sixth and Fourteenth Amendments guarantee a jury standing between a defendant and the power of the State, and they guarantee a jury's finding of any disputed fact essential to increase the ceiling of a potential sentence.'). A narrow exception exists for judicial factfinding regarding the existence of a prior conviction because of the procedural safeguards which attach to such a fact. *Apprendi*, 530 U.S. at 488. As a result, in the typical case under our sentencing guidelines, tabulating a defendant's prior convictions to determine the criminal history score, which usually has the effect of increasing a defendant's sentence, does not violate a defendant's jury trial rights. See *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002)." *Dickey*, 301 Kan. at 1036.

Our Supreme Court has explicitly adopted the *Descamps* analysis in *Dickey*, 301 Kan. at 1036-39. Under *Descamps*, in order to classify a prior conviction without violating *Apprendi*,

7

"a sentencing court must use one of two approaches—the categorical approach or the modified categorical approach. [Citation omitted.] A sentencing court applies the categorical approach when the statute forming the basis of the defendant's prior conviction contains a single set of elements constituting the crime. A sentencing court simply compares 'the elements of the statute forming the basis of the defendant's conviction with the elements of the "generic" crime.' 133 S. Ct. at 2281. . . .

"The modified categorical approach applies when the statute forming the basis of the prior conviction is a 'divisible statute,' *i.e.*, a statute which includes multiple, alternative versions of the crime and at least one of the versions matches the elements of the generic offense. *Descamps*, 133 S. Ct. at 2281-82, 2284-86. . . . [W]ithout running afoul of *Apprendi*, a sentencing court is permitted to look beyond the elements of the statute and examine a limited class of documents to determine 'which of a statute's alternative elements formed the basis of the defendant's prior conviction.' [*Descamps*,] 133 S. Ct. at 2284. Such documents include charging documents, *plea agreements*, jury instructions, verdict forms, and transcripts from plea colloquies as well as findings of fact and conclusions of law from a bench trial. *Johnson v. United States*, 559 U.S. 133, 144, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010).

". . . [T]he modified categorical approach is prohibited if the statute is not divisible, *i.e.*, contains one set of elements defining the crime. 133 S. Ct. at 2281-83." (Emphasis added.) *Dickey*, 301 Kan. at 1037-38.

The key phrase in K.S.A. 2014 Supp. 21-5111(k) defining a dwelling is whether the structure "is used or intended for use as a human habitation, home or residence." By comparison, the definition of "inhabitable structure" includes a structure "[w]here any person lives" or "[w]hich is used for overnight accommodation of persons." Mo. Rev. Stat. § 569.010(2)(a), (c) (1979). While Missouri's definition of "inhabitable structure" is broader than Kansas' definition of "dwelling," the Missouri second-degree burglary statute is divisible because it provides that a person may commit a burglary by knowingly and unlawfully entering or remaining "in a building or *inhabitable structure* for the purpose of committing a crime therein." (Emphasis added.) Mo. Rev. Stat. § 569.170 (1979). Because the Missouri statute is divisible, we may use the modified categorical approach to determine whether to classify Sodders' Missouri burglary conviction as a

8

person or nonperson felony. See *State v. Copper*, No. 113,902, 2016 WL 4414612, at *8 (Kan. App. 2016) (unpublished opinion); *State v. Wetrich*, No. 112,361, 2016 WL 197808, at *5 (Kan. App. 2016) (unpublished opinion), *rev. granted* 305 Kan. ___ (December 13, 2016); *State v. Hill*, No. 112,545, 2015 WL 8590700, at *6 (Kan. App. 2015) (unpublished opinion), *rev. granted* 305 Kan. ___ (December 13, 2016); *State v. Farley*, No. 109,655, 2014 WL 5345895, at *7 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1014 (2015).

Sodders argues that his Missouri burglary conviction cannot be classified as a person felony and cites to our court's opinion in *Wetrich* for support. The *Wetrich* panel held that although the Missouri burglary statute was divisible, "none of the alternative elements in Mo. Rev. Stat. § 569.170 (1988) match the essential 'dwelling' element in K.S.A. 21-3715(a)," resulting in the district court engaging in impermissible factfinding to find that Wetrich's Missouri burglary was committed in a dwelling. 2016 WL 197808, at *5. We respectfully disagree with the panel's conclusion in *Wetrich*. Under Mo. Rev. Stat. § 569.010(2)(a), (c) (1979), the term "inhabitable structure" includes a structure "[w]here any person lives" or "[w]hich is used for overnight accommodation of persons," and both elements are comparable to the "dwelling" elements contained in K.S.A. 2014 Supp. 21-5111(k). Sodders also relies on *Mathis v. United States*, 579 U.S.___, 136 S. Ct. 2243, 2257, 195 L. Ed. 2d 604 (2016), where the Court held that "[b]ecause the elements of Iowa's burglary law are broader than those of generic burglary" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), the defendant's convictions under that law could not be used to enhance his sentence. However, we consider *Mathis* inapplicable because its analysis was mandated by the ACCA, not the Sixth Amendment.

As the district court discovered, an examination of Sodders' PSI or the elements of Missouri's second-degree burglary statute do not reveal whether the burglary was committed in a dwelling. Using the modified categorical approach, the district court was permitted to look at Sodders' plea agreement to determine if the Missouri burglary

conviction was for a burglary of a dwelling. See *Dickey*, 301 Kan. at 1038 (court may review "charging documents, plea agreements, jury instructions, verdict forms, and transcripts from plea colloquies as well as findings of fact and conclusions of law from a bench trial"). By doing so, the district court found that Sodders' Missouri burglary was, in fact, committed in a dwelling. We agree.

Sodders' charging document specifically alleged that Sodders had committed his burglary in an inhabitable structure, not a building. Moreover, Sodders' petition to enter plea of guilty, which we consider part of Sodders' plea agreement, stated he "knowingly entered unlawfully into a house owned by Wendy Hale." In this context, we find the term "house" falls within the definition of "dwelling" contained K.S.A. 2014 Supp. 21-5111(k). Accordingly, the district court correctly classified Sodders' 2008 Missouri burglary conviction as a person felony.

Affirmed.