NOT DESIGNATED FOR PUBLICATION

No. 116,231

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT F. DWERLKOTTE, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed April 28, 2017. Sentence vacated and case remanded with directions.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE and GARDNER, JJ.

*Per Curiam*: In this appeal, we vacate Robert F. Dwerlkotte's sentence because the sentencing court engaged in unacceptable judicial factfinding and improperly scored his preguideline burglary convictions as person felonies. We specifically reject the State's contention that the judicial factfinding done by the court in this instance was harmless error. We remand for resentencing.

There is a companion appeal, No. 115,625, where we address the propriety of the court's grant of the State's motion to modify Dwerlkotte's sentence to lifetime postrelease supervision.

1

*Dwerlkotte enters pleas of guilty and no contest to two serious felony crimes.*

In 2007, Dwerlkotte pled no contest to aggravated burglary, a severity level 5 person felony, and guilty to aggravated sexual battery, a severity level 5 person felony. After the court found that Dwerlkotte was a persistent sex offender, it sentenced him to 272 months in prison and 24 months' postrelease supervision.

The court had found that Dwerlkotte's criminal history score was A. Dwerlkotte did not object to his criminal history score at that time. The score was based, in part, on three burglary convictions arising in Reno County in April 1993. These convictions were scored as person felonies. For each charge, the complaint in that case alleged that Dwerlkotte burglarized a "residence."

Eight years later, Dwerlkotte moved to correct an illegal sentence by arguing that according to *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey I*), his preguideline burglary convictions were improperly scored as person felonies. The court denied this motion, believing that the 2015 statutory amendments to K.S.A. 21-6811 resolved the issue.

Dwerlkotte contends that the scoring of his old burglary convictions as person felonies required unconstitutional judicial factfinding as explained in *Dickey I*, 301 Kan. 1018, and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Dwerlkotte argues his sentence is therefore illegal. The State contends that the court's scoring error was harmless.

*We review the cases to determine what a sentencing court can and cannot do.*

The rule in *Apprendi* seems simple. The United States Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond

2

the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. This rule was later clarified by that Court in *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). In that case, the Court determined that *Apprendi* was implicated when a district court enhanced a defendant's sentence based on a factual finding that went beyond the existence of a prior conviction and the statutory elements that comprised the prior conviction. 133 S. Ct. at 2282, 2288-89.

Intending to apply these principles to Kansas law, our Kansas Supreme Court in *Dickey I* discussed the differing roles of judges and juries:

"The policy rationale behind *Apprendi* is that a court violates the United States Constitution if it invades the jury's territory by finding facts at sentencing. See *Shepard v. United States*, 544 U.S. 13, 25, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005) (plurality opinion) ('[T]he Sixth and Fourteenth Amendments guarantee a jury standing between a defendant and the power of the State, and they guarantee a jury's finding of any disputed fact essential to increase the ceiling of a potential sentence.'). A narrow exception exists for judicial fact finding regarding the existence of a prior conviction because of the procedural safeguards which attach to such a fact. *Apprendi*, 530 U.S. at 488. As a result, in the typical case under our sentencing guidelines, tabulating a defendant's prior convictions to determine the criminal history score, which usually has the effect of increasing a defendant's sentence, does not violate a defendant's jury trial rights. See *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002).

"*Apprendi* is implicated, however, when a district court, for purposes of enhancing a defendant's sentence for a current conviction, makes findings of fact at sentencing that go beyond merely finding the existence of a prior conviction or the statutory elements that made up the prior conviction. *Descamps*, 133 S. Ct. at 2288-89." *Dickey I*, 301 Kan. at 1036.

3

In other words, at sentencing, the judge is only permitted to find the existence of a prior conviction and examine the elements of the crime that constitute the prior conviction. To do otherwise is error.

Elaborating on what can and cannot be done by judges, the United States Supreme Court in *Descamps* also illustrated what can be done in cases with divisible and indivisible statutes. When the statute forming the basis of the defendant's prior conviction is "indivisible," *i.e.*, it does not contain alternative elements, "[s]entencing courts may 'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.' [Citation omitted.]" That is called the "formal categorical approach." 133 S. Ct. at 2283.

But if a statute is "divisible," *i.e.*, it comprises multiple, alternative versions of the crime, then courts are permitted to examine a limited class of extra-statutory materials "to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Descamps*, 133 S. Ct. at 2284-85. In those cases, then, courts are permitted to look to extra-statutory materials such as charging documents, plea agreements, jury instructions, verdict forms, transcripts from plea colloquies, and findings of fact and conclusions of law from a bench trial. *Dickey I*, 301 Kan. at 1038 (citing *Johnson v. United States*, 559 U.S. 133, 144, 130 S. Ct. 1265, 176 L. Ed. 2d 1 [2010]). That is called by the court the "modified categorical approach." *Descamps*, 133 S. Ct. at 2285.

Importantly, even if a statute is divisible, the modified categorical approach may not apply because "'in some cases, none of the alternative elements will match *any* elements of the corresponding generic crime.'" *Dickey I*, 301 Kan. at 1067. That holding is important in this appeal. This is why the complaints alleging that Dwerlkotte burglarized a "residence" are irrelevant. It is the elements of the statute that control.

4

Our Supreme Court applied the rules found in *Apprendi* and *Descamps* in its *Dickey I* decision. In order to classify Dickey's prior burglary conviction as a person offense, the court needed to find that the prior burglary involved a "dwelling." 301 Kan. at 1021. The burglary statute that formed the basis of Dickey's prior conviction did not include an element that the burglarized structure be a "dwelling." Thus, the district court was constitutionally prohibited from classifying the conviction as a person offense under *Descamps* and *Apprendi* because doing so would "necessarily involve judicial factfinding that goes beyond merely finding the existence of a prior conviction or the statutory elements constituting that prior conviction." 301 Kan. at 1021. The court held that "classifying Dickey's prior burglary adjudication as a person felony violates his constitutional rights as described under *Descamps* and *Apprendi*." 301 Kan. at 1021.

The situation in this case is the same as in *Dickey I*.

*We take a closer look at Dwerlkotte's prior burglary convictions.*

Dwerlkotte's current crime was committed in 2007. The appropriate sentencing statute—K.S.A. 2006 Supp. 21-4711(d)—provided that his prior burglary convictions were scored as person felonies if the prior conviction was classified as a burglary as described in K.S.A. 21-3715(a). The burglary statute, K.S.A. 21-3715(a), contained an element that the burglarized structure be a "dwelling." Thus, like in *Dickey I*, the court needed to find that Dwerlkotte's prior burglary convictions involved "dwellings" in order to score the convictions as person felonies if it was to enhance his sentence by increasing his criminal history score.

Dwerlkotte was convicted of three counts of burglary in violation of K.S.A. 21-3715 in April 1993. That burglary statute in April 1993 did not have a "dwelling" element. See K.S.A. 1992 Supp. 21-3715. The State admits this in its brief. Just as in *Dickey I*, because the statute which was the basis of Dwerlkotte's prior burglary

5

conviction did not include an element that the burglarized structure was a "dwelling," the district court was constitutionally prohibited under *Descamps* and *Apprendi* from classifying the conviction as a person crime. Doing so would necessarily involve judicial factfinding beyond the existence of the prior conviction and the statutory elements that made up the prior conviction. See *Dickey I*, 301 Kan. at 1021.

Even though the district court concluded that the 2015 amendments to K.S.A. 21-6811 somehow resolved this issue, we cannot agree. The 2015 enactment simply stated prior burglary convictions will be scored as person felonies if the prior convictions were classified as a burglary as defined in K.S.A. 21-3715(a) prior to its repeal. This method was rejected by our Supreme Court in *State v. Cordell*, 302 Kan. 531, 534-35, 354 P.3d 1202 (2015), where the court ruled that the distinction between person and nonperson burglaries under K.S.A. 2015 Supp. 21-6811(d) still depended on whether the defendant burglarized a "dwelling." The 1986 burglary convictions in that case could not be scored as person felonies because the 1986 burglary statute did not have "dwelling" as an element. The 2015 amendments did not change this classification. The court reiterated its holding in *Dickey I* in *Cordell*. 302 Kan. at 534-35.

*We examine the State's argument about Dwerlkotte's no contest plea.*

The State argues that *Dickey I* can be distinguished from this case because the complaint in Dwerlkotte's 1993 case specifically alleged that the burglaries involved three residences and Dwerlkotte pled no contest to the counts in the complaint. But the State misses the point. The sentencing court was constitutionally prohibited from employing the modified categorical approach to look at the complaint and make a factual determination about whether Dwerlkotte's burglaries involved "dwellings." The *Dickey I* court explained that the *elements* of the burglary statute decided the matter:

"Though the burglary statute forming the basis for Dickey's prior juvenile adjudication was comprised of multiple, alternative versions of the crime, none included an element requiring that the structure burglarized be a dwelling, *i.e.*, 'used or intended for use as a human habitation, home or residence.' K.S.A. 2014 Supp. 21-5111(k). Consequently, employing either a categorical approach or a modified categorical approach to determine whether Dickey's prior burglary adjudication involved a dwelling would be constitutionally prohibited under *Descamps* and *Apprendi*. See *Descamps*, 133 S. Ct. at 2288-89.

"Based on the above analysis, the district court was constitutionally prohibited from classifying Dickey's prior burglary adjudication as a person felony because doing so would have necessarily resulted from the district court making or adopting a factual finding that went beyond simply identifying the statutory elements that constituted the prior burglary adjudication. Because burglary of a 'dwelling' . . . was not included within the statutory elements making up Dickey's prior burglary adjudication, the burglary adjudication should have been classified as a nonperson felony." *Dickey I*, 301 Kan. at 1039-40.

We are unmoved by the State's argument about Dwerlkotte's no contest plea. The United States Supreme Court has recognized that while it is true in some cases, a sentencing judge knows (or can easily discover) that the defendant carried out a "real" burglary, even though the crime of conviction also extends to other conduct, it does not matter. *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 2251, 195 L. Ed. 2d 604 (2016). The sentencing court may look only to the elements of the offense, not the facts of the defendant's conduct. 136 S. Ct. at 2251. Citing *Apprendi*, the Court opined that the sentencing court is

"barred from making a disputed determination about 'what the defendant and state judge must have understood as the factual basis of the prior plea' or 'what the jury in a prior trial must have accepted as the theory of the crime.' [Citations omitted.] [The judge] can do no more, consistent with the Sixth Amendment, than determine what crime with what elements, the defendant was convicted of." *Mathis*, 136 S. Ct. at 2252.

A judge can only increase a defendant's sentence beyond the statutory maximum *based on a legal certainty* that the defendant was previously convicted of a qualifying offense, not the judge's inference (however reasonable) about what the prior factfinder had thought. See *Mathis*, 136 S. Ct. at 2255 n.6. At the plea hearing, the defendant may have had no incentive to contest a fact that did not matter under the law. Thus, a prosecutor's mistake concerning the means by which the defendant committed the crime is likely to go uncorrected. *Mathis*, 136 S. Ct. at 2253.

To sum up, a sentence cannot be enhanced based upon a judge's inference. Under *Dickey I*, the sentencing court here was not permitted to use the complaint from Dwerlkotte's 1993 burglary convictions to make a factual determination that the convictions involved a "dwelling."

*We report what the cases compel a sentencing court to do.*

The law is clear—courts may correct an illegal sentence at any time. K.S.A. 22-3504(1). Therefore, whether a sentence is illegal may be considered for the first time on appeal. *Dickey I*, 301 Kan. at 1027. Moreover, a challenge to an illegal sentence is not subject to the general rule that a defendant must raise all available issues on direct appeal. *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011). An illegal sentence may be corrected even after the time for direct appeal has passed and the defendant's sentence is final. See *State v. Dickey*, 305 Kan. 217, 222, 380 P.3d 230 (2016) (*Dickey II*); *State v. Martin*, 52 Kan. App. 2d 474, Syl. ¶ 8, 369 P.3d 959 (2016). Whether a sentence is illegal is a question of law over which an appellate court has unlimited review. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015).

After all, our Kansas Supreme Court in *Dickey I*, 301 Kan. at 1034, has defined an illegal sentence to be:

- a sentence imposed by a court without jurisdiction;
- a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or
- a sentence that is ambiguous with respect to the time and manner in which it is to be served.

The logic here is manifest. When a challenge proves a defendant's criminal history score to be incorrect, the sentence based on that criminal history score is illegal. See, *e.g.*, *Dickey I*, 301 Kan. at 1030-34. In *Neal*, our Supreme Court reasoned that a defendant's challenge to his criminal history score is "necessarily a challenge to his sentence that the history score helped produce. If the history score is incorrect, it follows that his resulting sentence cannot conform with the statutory provision in the term of the punishment authorized . . . and, consequently, is an illegal sentence." 292 Kan. at 631.

The Kansas Supreme Court has elaborated on this point. In *Dickey II*, the court clarified that although there is an overlay of constitutional law, the proper classification of a prior crime is ultimately a matter of state statutory law:

> "The parties' framing of the question here as a question of constitutional law is likewise understandable, but incorrect. It is true that the methodology utilized by the State and the district court to find the additional fact that Dickey's prior burglary conviction issue involved a dwelling turned out to be constitutionally infirm pursuant to *Apprendi* and its progeny. The bulk of our opinion in *Dickey I* was spent resolving this question. However, once that question was resolved, we returned to consider the question of the proper classification of the prior crime *purely as a matter of statutory law*:
>
> > 'Under the facts of [*Dickey I*, which are also the facts of *Dickey II*], the district court was constitutionally prohibited from classifying the defendant's prior burglary adjudication as a person felony under K.S.A.

9

2014 Supp. 21-6811(d) because doing so necessarily resulted from the district court making or adopting a factual finding (*i.e.*, the prior burglary involved a dwelling) that went beyond simply identifying the statutory elements that constituted the prior burglary adjudication. Because burglary of a "dwelling" (as that term is defined in K.S.A. 2014 Supp. 21-5111[k]) was not included within the statutory elements making up the defendant's burglary adjudication under K.S.A. 1991 Supp. 21-3715, the burglary adjudication should have been classified as a nonperson felony for criminal history purposes.' *Dickey I*, 301 Kan. 1018, Syl. ¶ 8.

"Our holding in *Dickey I* demonstrates that the proper classification of a prior crime is exclusively a matter of state statutory law. Which is simply to reiterate that '[b]ecause burglary of a "dwelling" . . . was not included within the statutory elements making up the defendant's burglary adjudication . . . [it] should have been classified as a nonperson felony for criminal history purposes.'" *Dickey II*, 305 Kan. at 221.

*We examine the State's argument that the scoring error here was harmless.*

The State asserts that the element that Dwerlkotte's 1993 burglary convictions all involved residences "was uncontested and supported by overwhelming evidence." The assertion is clearly incorrect for several reasons.

First, in April 1993, as we have already pointed out, the State was not required by the burglary statute to allege or prove that the structure burglarized was a residence. It was not an element of that crime. Said another way, it was not an element that would or could be contested at that time.

Second, Dwerlkotte pled no contest to those charges. He made no admission that he burglarized residences in 1993. See *State v. Case*, 289 Kan. 457, 461, 468, 213 P.3d 429 (2009). Further along this line, there was no need for Dwerlkotte to even contest the

allegations made in the complaint at the time of entering his plea since it was not an element of the crime.

Finally, the "overwhelming evidence" claimed by the State simply amounted to the allegations it made in the body of the complaints it had filed in 1993. These allegations are not evidence but are charges made by a prosecutor. Ultimately, Dwerlkotte's sentence was based on factfinding by the judge that his 1993 burglary convictions involved residences. In other words, the judge did exactly what the Kansas Supreme Court said should not be done in *Dickey I*.

We are not saying that sentencing enhancement errors cannot be subject to harmless error analysis. After all, the United State Supreme Court has said, "'[M]ost constitutional errors can be harmless.'" *Neder v. United States*, 527 U.S. 1, 8, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999). We are saying that in this case the criminal history scoring error is not harmless.

*A review of two cases dealing with sentence enhancement errors is helpful.*

In *State v. Reyna*, 290 Kan. 666, 234 P.3d 761 (2010), *overruled on other grounds by State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016), the defendant was charged with an enhanced version of aggravated indecent liberties with a child because he was over the age of 18 at the time of the offense. Reyna's age was not submitted to the jury as an element of the crime that the State had to prove beyond a reasonable doubt. Without defining the term, the court considered this to be an "*Apprendi*-type" error. 290 Kan. at 682. The court established a test when it stated that it would find harmless error "when a review of the evidence leads to the conclusion beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error." 290 Kan. at 681. Reyna testified at

11

trial that he was 37 years of age. There was no conflicting evidence. Thus, the error was harmless. 290 Kan. at 682.

In contrast, there is no overwhelming evidence in this case that would excuse judicial factfinding when the court enhanced Dwerlkotte's sentence. Allegations made by a prosecutor in a complaint filed 14 years earlier in a different case are not the same as an admission of a defendant at his jury trial that he was 37 years old. This is especially true as *Dickey I* is binding precedent. After all, the *Dickey I* court ruled that the statutory elements controlled the issue.

We are not prepared to hold those allegations made in the State's complaints are overwhelming evidence that supports a sentencing enhancement. To do so, we would have to find that harmless error overcomes the holding in *Dickey I*. We see no indication that our Supreme Court is stepping back from the policy it established in that case and the cases that follow.

Then, in *State v. Soto*, 299 Kan. 102, Syl. ¶ 9, 322 P.3d 334 (2014), our Supreme Court concluded that the hard 50 sentence procedure violated the Sixth Amendment to the United States Constitution. That procedure allowed a sentencing judge to find by a preponderance of the evidence that one or more aggravating factors existed instead of requiring them to be proved to a jury beyond a reasonable doubt. 299 Kan. 102, Syl. ¶ 9.

In its opinion, the court touched on whether the failure to submit the existence of aggravating circumstances to the jury was subject to review for harmless error, but it concluded that it need not decide whether a harmlessness analysis applied because the error did not come close to meeting the test set out in *Reyna*. To find the error harmless, the court would first have to determine beyond a reasonable doubt that the evidence of the aggravating circumstance was "uncontroverted and supported by overwhelming evidence" such that a jury would have found the existence of the aggravating

12

circumstance beyond a reasonable doubt. But the court could not conclude beyond a reasonable doubt that no rational jury would have determined the mitigating circumstances outweighed the aggravating circumstances. 299 Kan. at 124-28.

In both cases, a judge made factual findings after receiving evidence. See *Soto*, 299 Kan. at 114; *Reyna*, 290 Kan. at 682. Here, the State simply points to the charging document to show that Dwerlkotte burglarized a residence. But a jury could not conclude anything beyond a reasonable doubt from a charging document. Neither can a judge. The charging document consists of assertions by the State that are then either proved at trial with evidence or admitted by the defendant by stipulation or plea. But Dwerlkotte pled no contest. He did not admit to the assertions made by the State. Simply put, there is no overwhelming evidence here.

To decide harmless error about the classification of a *prior* conviction, as the State asks us to do here, we would need to review the entire record from the prior case to determine whether the evidence that Dwerlkotte burglarized a dwelling was "overwhelming" and "uncontroverted." But even if we were to engage in this lengthy process, there would still be a question of fairness to Dwerlkotte. As explained in *Mathis*, a defendant would have no motive to challenge a fact that did not matter under the law. When Dwerlkotte pled to his prior burglaries, there was not a distinction between person and nonperson crimes. So, it did not matter whether he burglarized a dwelling or another structure.

Clearly then, the method used by the sentencing court to classify Dwerlkotte's preguideline burglary convictions as person felonies was impermissible under *Apprendi*. According to our Supreme Court, if a "dwelling" was not an element of the defendant's prior burglary conviction, then it should have been classified as a nonperson felony for criminal history purposes. See *Dickey II*, 305 Kan. at 221. And "where there has been a

13

misclassification of a prior conviction, the resulting sentence is illegal and can be corrected at any time." *Dickey II*, 305 Kan. at 220.

The error here raised Dwerlkotte's criminal history score to an A. Dwerlkotte's presentence investigation report reflected four person felonies and four nonperson misdemeanors. Three of the person felonies were the disputed burglary convictions. Dwerlkotte's criminal history would drop significantly if the burglary convictions were scored as nonperson felonies rather than person felonies. See K.S.A. 2006 Supp. 21-4704.

We vacate Dwerlkotte's sentence and remand for resentencing with directions to score the preguideline burglary convictions as nonperson felonies.

* * *

GARDNER, J., concurring: I concur in the result and agree that the State has failed to show harmless error.

A plea of guilty is an admission to the charge and every material fact alleged therein. K.S.A. 22-3209(1); see *State v. Case*, 289 Kan. 457, 461, 213 P.3d 429 (2009). But a plea of nolo contendere, such as Dwerlkotte made to his prior burglaries of residences, is not an admission. Instead, it is a "formal declaration that the defendant does not contest the charge," but "[t]he plea cannot be used against the defendant as an admission in any other action based on the same act." K.S.A. 22-3209(2).

This leaves us with the fact that the complaint charged the defendant with burglaries of residences, and he did not contest that charge. Had Dwerlkotte's case gone to trial, it is unlikely that the character of the place defendant burglarized would have been contested. The victim would have testified that she lived at that address, defendant could not have contested that fact, and that would be that. This seems to be the type of

14

evidence, like the age element in *Reyna*, that defendants do not generally contest because they cannot. But all of that is mere speculation and simply illustrates that the harmless error analysis, as applied to our facts, would require us to imagine a trial that never occurred. This posture is fundamentally different than when we review a transcript of a trial to see if the omission of an element is harmless, in light of all the evidence that was actually presented. Accordingly, as the majority finds, the State has failed to show harmless error here.