NOT DESIGNATED FOR PUBLICATION

No. 117,491

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY G. LEDOUX,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed April 6, 2018. Reversed and remanded with directions.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., STANDRIDGE, J., and STUTZMAN, S.J.


PER CURIAM: Larry G. Ledoux appeals the sentence for his 2016 conviction for burglary of a dwelling. Ledoux contends his 2016 conviction in Missouri for first-degree burglary was misclassified as a person felony. We agree and remand for recalculation of Ledoux's criminal history and resentencing.

1

FACTS AND PROCEDURAL BACKGROUND

In December 2016, Ledoux pled guilty in the Johnson County District Court to a single charge of burglary of a dwelling committed in May 2013. About a month after the plea, the district court sentenced him to serve a mitigated 30-month prison sentence and 12 months of postrelease supervision. Ledoux's sentence was based on his new severity level 7 person felony conviction and the category A criminal history score calculated in the presentence investigation (PSI) report. Among the prior convictions listed for Ledoux was one from 2016 in Jackson County, Missouri, for first-degree burglary, which the district court classified as one of the three person felonies that led to the category A score. Ledoux timely appeals his sentence, contending the classification of that Missouri conviction violated the rights articulated in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 147 L. Ed. 2d 435, (2000), and *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438, (2013).

ANALYSIS

Ledoux's single issue is his claim the district court improperly classified his 2016 Missouri burglary conviction as a person felony. He argues that the Missouri burglary statute lacks the dwelling element required in the Kansas statute and has a broader specific intent element than the Kansas statute. He contends by classifying the Missouri conviction as a person crime, the district court impermissibly engaged in judicial fact-finding, violating the principles stated in *Apprendi* and *Descamps*.

The State responds first that the criminal history scoring was correct because the elements of the Kansas and Missouri burglary statutes are comparable and *Apprendi* has no role in the analysis. Alternatively, the State contends the Missouri burglary statute includes alternative means, so the case should be remanded to the district court for a review of the limited documents permitted in a modified categorical approach analysis.

2

Ledoux acknowledges he did not raise this issue in the district court, but both parties agree review is allowed since a sentence based on an incorrect criminal history score is an illegal sentence. See *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). "The court may correct an illegal sentence at any time." K.S.A. 2017 Supp. 22-3504(1).

*Standard of review*

Resolution of this claim involves interpretation of the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2017 Supp. 21-6801 et seq. "Interpretation of sentencing statutes is a question of law subject to de novo review." *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). Whether the district court properly classified a defendant's prior conviction as a person or nonperson crime for criminal history purposes raises a question of law subject to unlimited review. *Dickey*, 301 Kan. 1018, Syl. ¶ 5.

*Classifying out-of-state convictions*

In accordance with the KSGA, prior convictions are taken into consideration when determining a defendant's criminal history score. K.S.A. 2017 Supp. 21-6811(e)(1). Prior convictions include convictions from both Kansas and out-of-state jurisdictions as well as juvenile adjudications. K.S.A. 2017 Supp. 21-6811(e)-(f). Constitutional considerations have led to limits on the process of classifying prior convictions:

> "The constitutional protections described in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), are implicated when a district court, for purposes of enhancing a defendant's sentence for a current conviction, makes findings of fact at sentencing that go beyond merely finding the existence of a prior conviction or the statutory elements that made up the prior conviction." *Dickey*, 301 Kan. 1018, Syl. ¶ 7.

Within those bounds, Kansas courts follow two steps to classify an out-of-state conviction for criminal history. First, the court must categorize the prior conviction as a misdemeanor or a felony. To do so, the court defers to the convicting jurisdiction's classification of the conviction as a felony or misdemeanor crime. K.S.A. 2017 Supp. 21-6811(e). Second, the court must determine whether the prior conviction is a person or nonperson offense. The court makes this determination by looking for a comparable Kansas offense at the time the defendant committed the current crime of conviction. K.S.A. 2017 Supp. 21-6811(e)(3). *State v. Keel*, 302 Kan. 560, 590, 357 P.3d 251 (2015), *cert. denied*, 136 S. Ct. 865 (2016).

Our Supreme Court recently clarified the requirements for an out-of-state crime to be comparable:

> "For an out-of-state conviction to be comparable to an offense under the Kansas criminal code, the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." *State v. Wetrich*, 307 Kan. ___, 412 P.3d 984, 991 (2018).

If there is no comparable Kansas crime, the court should classify the conviction as a nonperson crime. K.S.A. 2017 Supp. 21-6811(e)(3). However, if there is a comparable offense and the Kansas crime is classified as a person crime, the out-of-state conviction should also be classified as a person crime. K.S.A. 2017 Supp. 21-6811(e)(3).

Further, K.S.A. 2017 Supp. 21-6811(d) specifically addresses classification of burglaries for criminal history and it incorporates the person/nonperson distinction from the burglary statute, K.S.A. 2017 Supp. 21-5807(c)(1)(A). Consequently, classification of a prior burglary conviction as a person or nonperson crime depends on whether a dwelling was the place burglarized. To be considered a dwelling, the location of the crime must be "a building or portion thereof, a tent, a vehicle or other enclosed space

4

which is used or intended for use as a human habitation, home or residence." K.S.A. 2017 Supp. 21-5111(k). If the place burglarized falls outside that dwelling definition, the district court must classify it as a nonperson offense. *State v. Cordell*, 302 Kan. 531, 534-35, 354 P.3d 1202 (2015).

*Ledoux's Missouri burglary*

In Missouri, Ledoux's conviction was a felony, so the first step in classification is clear and undisputed. The second step of the process, making the person/nonperson designation, is more complicated. We look first for a comparable Kansas crime at the time of Ledoux's current conviction. *Keel*, 302 Kan. at 581. ("[T]he comparable post-KSGA criminal statute is the one that was in effect at the time the current crime of conviction was committed.") If there is a comparable Kansas crime, Ledoux's out of state crime will carry that classification as well. If no comparable Kansas crime is found, Ledoux's Missouri burglary is scored as a nonperson crime.

Burglary is the obvious Kansas crime that may be comparable to the Missouri burglary statute and is the one most similar in nature that prohibits the same type of conduct. When Ledoux committed his current crime in May 2013, the Kansas burglary statute provided, in relevant part:

> "(a) Burglary is, without authority, entering into or remaining within any:
> (1) Dwelling, with intent to commit a felony, theft or sexually motivated crime therein;
> (2) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexually motivated crime therein; or
> (3) vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexually motivated crime therein.

. . . .

"(c) (1) Burglary as defined in:

(A) Subsection (a)(1) is a severity level 7, person felony . . . ;

(B) subsection (a)(2) is a severity level 7, nonperson felony . . . ;

(C) subsection (a)(3) is a severity level 9, nonperson felony . . . ; and

(2) subsection (a)(1), (a)(2) or (a)(3) with the intent to commit the theft of a firearm is a severity level 5, nonperson felony.

(3) Aggravated burglary is a severity level 5, person felony.

"(d) As used in this section, 'sexually motivated' means that one of the purposes for which the defendant committed the crime was for the purpose of the defendant's sexual gratification." K.S.A. 2013 Supp. 21-5807.

Ledoux previously was convicted of violating Mo. Rev. Stat. 569.160, which in 2016 stated:

"1. A person commits the crime of burglary in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein, and when in effecting entry or while in the building or inhabitable structure or in immediate flight therefrom, he or another participant in the crime:

(1) Is armed with explosives or a deadly weapon or;

(2) Causes or threatens immediate physical injury to any person who is not a participant in the crime; or

(3) There is present in the structure another person who is not a participant in the crime.

"2. Burglary in the first degree is a class B felony."

At that time, Missouri broadly defined an inhabitable structure as follows:

"(2) 'Inhabitable structure' includes a ship, trailer, sleeping car, airplane, or other vehicle or structure:

(a) Where any person lives or carries on business or other calling; or

6

(b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation; or

(c) Which is used for overnight accommodation of persons. Any such vehicle or structure is 'inhabitable' regardless of whether a person is actually present." Mo. Rev. Stat. 569.010.

Ledoux argues two grounds for finding the Kansas statute is not comparable to the Missouri statute under which he was convicted: (1) the Missouri statute does not have a dwelling requirement; and (2) the Kansas statute specifies the intent to commit a "felony, theft, or sexually motivated crime," while the Missouri statute more broadly requires only the intent to commit "a" crime.

In *Wetrich*, the court considered whether a version of the Missouri second-degree burglary statute was comparable to our burglary statute and found it failed in both of the areas Ledoux argues. Although here we consider a prior *first-degree* burglary conviction from Missouri, the first-degree burglary statute contains provisions identical to those for the second degree crime that failed the comparability test in *Wetrich*.

Specifically, the Missouri first-degree burglary statute fails to limit the invaded structure to a dwelling, as Kansas requires for a burglary to be a person felony. While it is true that a dwelling *could* be among the structures that would qualify under the Missouri statute, myriad structures fall within the scope of that statute that are *not* dwellings, such as "a business, government office, school, church, roller-skating rink, or bus station." *Wetrich*, 412 P.3d at 993. Therefore, the breadth of that element in the Missouri statute precludes comparability with the person felony elements of the Kansas burglary statute. Further, relying on *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), the court in *Wetrich* found "the modified categorical approach is not employed to discover which alternative means or facts were used in Missouri to establish the crime's inhabitable-structure element." *Wetrich*, 412 P.3d at 993. In other words, a

7

district court may not make findings to determine those details from a prior out-of-state burglary conviction.

Additionally, as in *Wetrich*, the Missouri statute lacks the Kansas requirement that the entry into or remaining within be done with the specific intent to commit a felony, theft, or sexually motivated crime. Instead, the intent to commit *any* crime, including a misdemeanor, suffices.

*Conclusion*

*Wetrich* provides controlling authority for the issues before us. Ledoux's sentence must be vacated and the case remanded to the district court with directions to reclassify his 2016 Missouri burglary conviction as a nonperson felony and resentence him applying the recomputed criminal history category.

Reversed and remanded with directions.