NOT DESIGNATED FOR PUBLICATION

No. 115,830

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHAWN DARION SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed July 21, 2017. Affirmed in part, vacated in part, and remanded with directions.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Michael G. Jones*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ATCHESON, J., and FAIRCHILD, S.J.

*Per Curiam*: Shawn Darion Smith appeals the district court's denial of his presentence motion to withdraw his plea and his challenge to his criminal history score at sentencing. Smith pled no contest to attempted trafficking in contraband in a correctional institution; prior to sentencing, he sought to withdraw his plea on the grounds that he had mistakenly believed his criminal history score would place him in the presumptive probation box of the sentencing grid. After the district court denied this motion, at sentencing Smith objected to his criminal history score, claiming his prior South Carolina burglary should not have been classified as a person felony. The district court denied this motion as well. Because the district court improperly made the factual finding that

1

Smith's prior South Carolina burglary was committed in a dwelling and classifying it as a person crime, thereby increasing his criminal history score, such a finding violated Smith's constitutional right to have facts resulting in an increased sentence proven to a jury beyond a reasonable doubt and requires us to vacate Smith's sentence and remand the case for resentencing. But we affirm the district court's denial of Smith's motion to withdraw plea because Smith's plea was fairly and understandingly entered into.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2015, Smith pled no contest to one count of attempted trafficking in contraband in a correctional institution, a severity level 8 nonperson felony. As part of the plea agreement, Smith was allowed to file a motion for a downward dispositional departure. Before accepting Smith's plea, the district court explained to Smith the possible range of sentences for a severity level 8 crime and advised him that the exact sentence depended on his criminal history score. Smith said that he understood. The district court accepted Smith's plea and postponed sentencing until a presentence investigation report (PSI) could be completed.

The PSI showed a 1993 conviction in South Carolina for burglary of a dwelling second degree, which was scored as a person felony. Because Smith had two prior person felony convictions, the PSI recommended a criminal history score of B. Smith filed an objection to his criminal history score, claiming that the report incorrectly classified the South Carolina burglary conviction as a person felony. At the hearing, Smith argued that based on the law in effect when he entered his plea, the conviction should have been classified as a nonperson felony because the burglary was committed before July 1, 1993. The State, however, argued that the burglary was committed after July 1 and that the PSI was correct. At the next hearing, the State presented evidence showing that the burglary was committed on July 4, 1993. Smith maintained that the burglary was committed

2

before July 1. The district court overruled Smith's objection and continued sentencing to a later date.

Before sentencing, Smith filed a motion to withdraw plea, arguing, among other things, that when he entered his plea he believed that he would have a criminal history score of C and that his sentence would be presumptive probation according to the sentencing guidelines. He allegedly shared this belief with the State during plea negotiations. Smith thought that he would have a criminal history score of C because based on the law in effect when entered his plea, he believed that his South Carolina burglary conviction would be classified as a nonperson offense. He also believed that despite the special rule requiring his sentence to be presumptive prison because he committed the current offense while incarcerated, a criminal history score supporting a sentence of presumptive probation would make his departure motion more compelling. Because he was surprised that the PSI gave him a criminal history score of B and he would not have entered his plea had he known what his score was going to be, Smith argued that he should be allowed to withdraw his plea.

The district court held a hearing on Smith's motion. After arguments from both Smith and the State, the district court recessed to review the plea hearing. When the hearing reconvened, the district court noted that at the plea hearing it had advised Smith of the possible range of sentences and that no one had suggested that Smith would have a certain criminal history score or that the agreement was conditioned on him having a certain score. The district court noted that while Smith may have had some misconception about what his criminal history score was going to be, there was no misunderstanding about the consequences of his plea. Ultimately, the district court determined that Smith had not presented sufficient justification for withdrawing his plea and denied the motion. The district court denied Smith's departure motion and sentenced him to 19 months in prison.

Smith timely appeals.

## DID THE DISTRICT COURT ERR IN CLASSIFYING SMITH'S PRIOR SOUTH CAROLINA BURGLARY CONVICTION AS A PERSON OFFENSE?

Smith first claims the district court imposed an illegal sentence because his prior South Carolina burglary conviction should not have been classified as a person offense. He specifically argues that the South Carolina burglary statute was broader than the comparable Kansas statute in effect when he committed the current crime of conviction and that in sentencing him, the district court engaged in improper judicial factfinding in violation of *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); and *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015).

"Whether a prior conviction should be classified as a person or nonperson offense involves the interpretation of the [Kansas Sentencing Guidelines Act] KSGA. Interpretation of a statute is a question of law over which appellate courts have unlimited review. [Citations omitted.]" *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016).

The KSGA requires that out-of-state convictions be counted to calculate a defendant's criminal history score. K.S.A. 2016 Supp. 21-6811(e)(1). The first step is to classify the conviction as either a misdemeanor or felony, which is done by determining how the convicting state classifies the crime. K.S.A. 2016 Supp. 21-6811(e)(2). In this instance, it is undisputed that Smith's South Carolina burglary is a felony.

The next step is to classify the out-of-state conviction as either a person or nonperson crime. K.S.A. 2016 Supp. 21-6811(e)(3). To make that classification, we compare the out-of-state conviction statute with the comparable Kansas statute in effect

4

at the time of the current crime of conviction. K.S.A. 2016 Supp. 21-6811(e)(3); *Keel*, 302 Kan. at 581. The out-of-state offense and the comparable Kansas offense "'need only be comparable, not identical.' [Citation omitted.]" *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014). A comparable crime, in other words, "must be 'similar in nature and cover a similar type of criminal conduct.' [Citation omitted.]" *State v. Riolo*, 50 Kan. App. 2d 351, 353, 330 P.3d 1120 (2014), *rev. denied* 302 Kan. 1019 (2015). If Kansas does not have a comparable crime, we must classify the out-of-state conviction as a nonperson offense. K.S.A. 2016 Supp. 21-6811(e)(3). There is no real dispute here that South Carolina's burglary statute is broadly comparable to the Kansas burglary statute.

However, Kansas burglary can be either a nonperson or person crime. See K.S.A. 2012 Supp. 21-5807. A Kansas burglary committed in a dwelling is classified as a person felony. K.S.A. 2012 Supp. 21-5807(a)(1), (c)(1)(A). Therefore, for a prior burglary conviction to be classified as a person felony, the burglary must have involved a dwelling. K.S.A. 2016 Supp. 21-6811(d); see *State v. Cordell*, 302 Kan. 531, 534, 354 P.3d 1202 (2015). But caution is required to avoid violating *Apprendi.* See *Dickey*, 301 Kan. at 1038-39. Our Supreme Court has held that "'[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" 301 Kan. at 1036 (quoting *Apprendi*, 530 U.S. at 490). In the context of deciding whether a prior burglary conviction is a person felony, to avoid running afoul of *Apprendi*'s mandate, our Supreme Court has dictated that we compare the prior burglary conviction's elements with the Kansas burglary elements in effect at the time of the current crime of conviction, without considering the prior conviction's underlying facts, using one of two approaches. *Dickey*, 301 Kan. at 1036-39. Under the categorical approach, we simply compare the elements of the two offenses. *Descamps*, 133 S. Ct. at 2281; *Dickey*, 301 Kan. at 1037. If the elements of the prior conviction are broader, then the modified categorical approach may be applied only when the prior conviction statute is divisible, meaning the statute provides alternative ways of committing the crime. *Descamps*, 133 S. Ct. at 2281;

5

*Dickey*, 301 Kan. at 1037. With this approach, the sentencing court is permitted to examine documents other than the statute (such as charging documents and jury instructions) to determine under which alternative the defendant was convicted. *Descamps*, 133 S. Ct. at 2281; *Dickey*, 301 Kan. at 1037-38.

Recently, the United States Supreme Court employed this methodology in determining how a defendant's prior conviction may be used in *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016). There, the Court stated that the alternative ways of satisfying an element of the crime provided in a statute does not allow use of the modified categorical approach analysis or constitute facts that a judge may find. 136 S. Ct. at 2253-54. As an example, the Court considered a hypothetical crime that required the use of a "deadly weapon," which was statutorily defined to include a "knife, gun, bat, or similar weapon." 136 S. Ct. at 2249. The Court noted that use of a "deadly weapon" was an element of the crime, but that the different types of weapons were simply alternative ways of satisfying that element. 136 S. Ct. at 2249. Continuing the example, if the key fact was whether the crime was committed with a gun, such a determination could not be made from the definition of "deadly weapon" as it was not divisible but merely a list of alternative factual means to satisfy the element.

Smith's PSI shows that he was convicted in 1993 of burglary of a dwelling second degree in South Carolina. The South Carolina burglary statute in existence at the time stated, in part:

> "(A) A person is guilty of burglary in the second degree if the person enters a dwelling without consent and with intent to commit a crime therein.
> "(B) A person is guilty of burglary in the second degree if the person enters a building without consent and with intent to commit a crime therein, and either:
> (1) When, in effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime:
> (a) Is armed with a deadly weapon or explosive; or

6

(b) Causes physical injury to any person who is not a participant in the crime; or

(c) Uses or threatens the use of a dangerous instrument; or

(d) Displays what is or appears to be a knife, pistol, revolver, rifle, shotgun, machine gun, or other firearm; or

(2) The burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or

(3) The entering or remaining occurs in the nighttime." S.C. Code Annot. § 16-11-312.

"'Dwelling'" in the context of burglary in South Carolina has "its definition found in Section 16-11-10 and also [includes] the living quarters of a building which is used or normally used for sleeping, living, or lodging by a person." S.C. Code Annot. § 16-11-310(2). S.C. Code Annot. § 16-11-10 states:

"With respect to the crimes of burglary and arson and to all criminal offenses which are constituted or aggravated by being committed in a dwelling house, any house, outhouse, apartment, building, erection, shed or box in which there sleeps a proprietor, tenant, watchman, clerk, laborer or person who lodges there with a view to the protection of property shall be deemed a dwelling house, and of such a dwelling house or of any other dwelling house all houses, outhouses, buildings, sheds and erections which are within two hundred yards of it and are appurtenant to it or to the same establishment of which it is an appurtenance shall be deemed parcels."

Smith committed his current crime of conviction—attempted trafficking in contraband in a correctional institution—in May 2013. The comparable Kansas statute in effect at that time was K.S.A. 2012 Supp. 21-5807, which provides:

"(a) Burglary is, without authority, entering into or remaining within any:

(1) Dwelling, with intent to commit a felony, theft or sexually motivated crime therein;

(2) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexually motivated crime therein; or

7

(3) vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexually motivated crime therein."

"Dwelling," in the context of burglary, was defined as "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." K.S.A. 2012 Supp. 21-5111(k). K.S.A. 2012 Supp. 21-5807(c)(1)(A) classified burglary under K.S.A. 2012 Supp. 21-5807(a)(1) as a person felony.

However, while the South Carolina burglary statute is divisible with respect to whether it has been committed in either a dwelling or a building, its definition of dwelling is broader than Kansas' definition. For example, the South Carolina statute treats any outbuilding within 200 yards of a dwelling as a dwelling for purposes of defining the crime, making the statute considerably broader than the Kansas statute. Also, like the Court's example in *Mathis*, while "dwelling" is an element of burglary under S.C. Code Annot. § 16-11-312, the different examples provided in S.C. Code Annot. § 16-11-10 are not divisible because they are simply alternative ways of satisfying that element, some of which match Kansas' definition of dwelling and some of which do not. See 136 S. Ct. at 2249. Accordingly, the modified categorical approach cannot be applied. See *Mathis*, 136 S. Ct. at 2253-54; *Descamps*, 133 S. Ct. at 2281.

The district court should have applied the categorical approach by looking at the elements of burglary as provided in South Carolina law and compared them with the elements of Kansas' burglary elements. A comparison of only the elements could not have produced a determination that Smith burglarized a dwelling; therefore, the district court improperly concluded that Smith's South Carolina burglary conviction constituted a person crime under K.S.A. 2012 Supp. 21-5807. Accordingly, Smith's South Carolina burglary conviction should have been classified as a nonperson felony. We therefore

8

vacate Smith's sentence and remand the case to the district court with directions that Smith be resentenced consistent with this opinion.

## DID THE DISTRICT COURT ERR IN DENYING SMITH'S PRESENTENCE MOTION TO WITHDRAW PLEA?

Smith also claims that he was misled into pleading no contest and that he did not fairly and understandingly enter his plea because he mistakenly believed that his sentence would be presumptive probation based on his criminal history score. He argues in particular that because *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by Keel*, 302 Kan. 560 (2015), was in effect at the time of his plea, his South Carolina burglary conviction would not be classified as a person offense because he believed the burglary was committed before July 1, 1993.

When reviewing a district court's ruling on a motion to withdraw a plea, we apply an abuse of discretion standard of review. *State v. Kenney*, 299 Kan. 389, 393, 323 P.3d 1288 (2014). A district court's action is an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert denied* 565 U.S. 1221 (2012). Smith, as the party alleging abuse of discretion, bears the burden of proof. See *State v. Garcia*, 295 Kan. 53, 61, 283 P.3d 165 (2012).

To withdraw a plea before sentencing, a defendant must show good cause. K.S.A. 2016 Supp. 22-3210(d)(1). The factors that a district court considers in determining whether the defendant has shown good cause are whether "'(1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and understandingly made. [Citation omitted.]'" *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). These factors should not be exclusively and mechanically applied. *State v. Fritz*, 299 Kan. 153, 154,

9

321 P.3d 763 (2014). A mutual mistake about the applicable criminal history score can constitute good cause for withdrawing a plea if the mistake implicates the *Edgar* factors. *State v. Schow*, 287 Kan. 529, Syl. ¶ 3, 197 P.3d 825 (2008). Assurances of what a defendant's criminal history score will be can render a warning of the possible range of sentences ineffective. 287 Kan. at 544-45.

The basis for Smith's belief that his South Carolina conviction would be classified as a nonperson offense was *Murdock*, which was still in effect when he entered his plea. Before it was overturned, *Murdock* held that prior convictions for crimes committed before the KGSA went into effect on July 1, 1993, had to be classified as nonperson offenses when calculating a defendant's criminal history score. 299 Kan. at 315-19. Smith was convinced that he committed the burglary before July 1, 1993. He allegedly shared his belief that he would have a criminal history of C with the State during plea negotiations. But the State argued before the district court that the PSI correctly classified the South Carolina burglary conviction as a person felony because it was committed after July 1. As proof, the State presented a copy of the grand jury indictment, which alleged that the burglary had occurred on July 4, 1993. Smith's mistaken belief about his criminal history score was all his own.

Smith argues that *Murdock* misled him to believe and acted as a reasonable assurance that he would have a criminal history score of C. He was not, however, misled by *Murdock* because his criminal history score was the result of his own mistaken belief that he committed the burglary before July 1, 1993. For the same reason, *Murdock* could not have acted as a reasonable assurance of what his criminal history score would be. The record, moreover, does not indicate that Smith was otherwise "misled about his criminal history or induced to enter a plea because of assurances" that he would have a criminal history score of C. See *State v. Lackey*, 45 Kan. App. 2d 257, 269-70, 246 P.3d 998, *rev. denied* 292 Kan. 968 (2011). Instead, the record shows that the district court explained the possible range of sentences, stating Smith could have a criminal history score of A to

I, to which Smith responded that he understood. As a result, Smith cannot now claim that he was misled or that he did not fairly and understandingly enter his plea. Thus, the district court did not err in denying Smith's motion to withdraw plea.

Affirmed in part, vacated in part, and remanded with instructions.